**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: VINCE ANDRICH; DON
ASPINAL; SCOTT CONNELLY; JEFF
CORBETT; CHARLENE EGLAND; JERRY
GILBERT; RACHEL GREEN; KEITH
LEWIS; DARREN MEADE; GLENN
PUIT; MICHAEL ROBERTS; MARK
WARNER; IRA GILMER; LEE PATIN;
ANTHONY ROBERTS; JIM ZASLAW.

VINCE ANDRICH; DON ASPINAL;
SCOTT CONNELLY; JEFF CORBETT;
CHARLENE EGLAND; JERRY GILBERT;
RACHEL GREEN; KEITH LEWIS;
DARREN MEADE; GLENN PUIT;
MICHAEL ROBERTS; MARK WARNER;
IRA GILMER; LEE PATIN; ANTHONY
ROBERTS; JIM ZASLAW,
                              *Petitioners,*

                v.

UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA, SANTA
ANA,
                              *Respondent,*

KIRK A. MCMAHAN and UNITED
STATES OF AMERICA,
                *Real Parties in Interest.*

No. 11-73630

D.C. No.
8:07-cr-00249-
CJC-1

OPINION

20903

Petition for Writ of Mandamus to
the United States District Court
for the Central District of California

Submitted November 30, 2011*

Filed December 2, 2011

Before: Diarmuid F. O'Scannlain, Edward Leavy, and
Stephen S. Trott, Circuit Judges

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Becky Susan Walker James, Law Offices of Becky Walker James, Los Angeles, California, for the petitioners.

Jennifer L. Waier, Office of the U.S. Attorney, Santa Ana, California, for Real Party in Interest United States.

David William Wiechert, Law Office of David W. Wiechert, San Clemente, California, for Real Party in Interest Kirk A. McMahan.

## OPINION

PER CURIAM:

This is a petition for a writ of mandamus filed pursuant to 18 U.S.C. § 3771, the Crime Victims Rights Act ("CVRA").[1] Petitioners challenge the district court's order denying their

---

[1]Under the CVRA, we must decide this petition "within 72 hours after the petition has been filed." 18 U.S.C. § 3771(d)(3). Moreover, if we deny the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." 18 U.S.C. § 3771(d)(3).

motion to intervene and be heard at defendant-real party in interest Kirk McMahan's sentencing hearing as purported crime victims under the CVRA. The district court held the rights provided by the CVRA did not apply to petitioners, and also declined to exercise discretion to hear and consider petitioners' proffered evidence. Petitioners assert that this court should issue a writ under the CVRA or under this court's traditional mandamus authority under 28 U.S.C. § 1651. Both real parties in interest, defendant Kirk McMahan and the United States, oppose the petition.

**[1]** When reviewing a petition for a writ of mandamus, the court is generally guided by the five factors outlined in *Bauman v. United States Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977): (1) the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; (5) the district court's order raises new and important problems, or issues of law of first impression. *Id.* at 654-55. The third factor, the existence of clear error as a matter of law, is dispositive. *See Calderon v. United States Dist. Court*, 98 F.3d 1102, 1105 (9th Cir. 1996). It has long been held that petitioners must satisfy "the burden of showing that (his) right to issuance of the writ is 'clear and indisputable.' " *Kerr v. U. S. Dist. Court for Northern Dist. of California,* 426 U.S. 394, 403 (1976).

**[2]** Previous decisions by this court have focused on the third factor when reviewing CVRA mandamus petitions. *See Kenna v. United States District Court*, 435 F.3d 1011, 1017 (9th Cir. 2006) (noting that the focus in reviewing CVRA petitions is not in balancing all the *Bauman* factors, but whether the district court committed legal error or abused its discretion); *but see U.S. v. Monzel*, 641 F.3d 528, 533 (D.C.

Cir. 2011) (traditional standard of review applies to mandamus petitions brought under CVRA).

**[3]** We have reviewed the record and we conclude petitioners have not met their burden. The trial judge did not clearly err as a matter of law, nor did he abuse his discretion. Accordingly, we deny the petition for writ of mandamus under either the CVRA or our traditional mandamus authority.

**DENIED**.