**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES JOHNSON, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff-Appellant*,<br><br>    v.<br><br>CONSUMERINFO.COM, INC.,<br>    *Defendant-Appellee*. | No. 11-56520<br><br>D.C. No.<br>2:11-cv-02753-JVS-FMO |

| | |
|---|---|
| STEVEN GROSZ, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff-Appellant*,<br><br>    v.<br><br>CONSUMERINFO.COM, INC.,<br>    *Defendant-Appellee*. | No. 11-57182<br><br>D.C. No.<br>8:11-cv-00550-JVS-FMO |

| | |
|---|---|
| DEON BIRD, individually and on behalf of all others similarly situated; BARBARA PRICE, individually and on behalf of all others similarly situated,<br>    *Plaintiffs-Appellants*, | No. 11-57183<br><br>D.C. No.<br>8:11-cv-00618-JVS-FMO |

v.

CONSUMERINFO.COM, INC.,
          *Defendant-Appellee.*

---

DAVID WARING, individually and on
behalf of all others similarly
situated,

          *Plaintiff-Appellant*,

v.

CONSUMERINFO.COM, INC.,
          *Defendant-Appellee.*

No. 11-57184

D.C. No.
8:11-cv-00639-
JVS-FMO

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
February 3, 2014—Pasadena, California

Filed March 20, 2014

Before: Andrew J. Kleinfeld, Barry G. Silverman,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

# SUMMARY*

## Arbitration / Appealable Order

The panel dismissed the appeals of putative class action named plaintiffs, denied their petition for a writ of mandamus, and held that 9 U.S.C. § 16 barred the appeals from district court orders staying judicial proceedings and compelling arbitration of the named plaintiffs' individual claims.

The named plaintiffs each filed putative class actions, alleging that Consumerinfo.com, Inc. had violated various California consumer protection laws.  The district court stayed the actions, compelled individual arbitration of each plaintiff's claims, and denied the motion for 28 U.S.C. § 1292(b) certification.

The panel held that § 1292(b) provides the sole route for immediate appeal of an order staying proceedings and compelling arbitration.  The panel further held that § 16(b) barred immediate appeal of the district court orders staying judicial proceedings and compelling arbitration, regardless of whether the orders could be deemed collateral.  The panel also held that although § 16(b) did not preclude mandamus relief, the named plaintiffs did not merit the extraordinary remedy of mandamus.

---

* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Vincent J. Esades, David Woodward (argued), and Renae D. Steiner, Heins Mills & Olson, P.L.C., Minneapolis, Minnesota; Gretchen M. Nelson and Gabriel Barenfeld, Kreindler & Kreindler, LLP, Los Angeles, California, for Plaintiffs-Appellants.

Meir Feder (argued), Jones Day, New York, New York; Richard J. Grabowski, Marc K. Callahan, Kevin H. Logan, and Cyrus A. Ameri, Jones Day, Irvine, California, for Defendant-Appellee.

## OPINION

HURWITZ, Circuit Judge:

The issue for decision in these four putative class actions is whether we have jurisdiction to hear appeals from district court orders staying judicial proceedings and compelling arbitration of the named plaintiffs' individual claims. We hold that 9 U.S.C. § 16 bars such appeals.

## I

In Internet transactions, James Johnson, Steven Grosz, David Waring, Deon Bird, and Barbara Prince (collectively "plaintiffs") each purchased a "Triple Advantage" credit report monitoring program from Consumerinfo.com, Inc. ("Consumerinfo"). The Terms and Conditions of the purchases included a clause requiring arbitration of all claims and disputes.

In 2011, plaintiffs each filed a putative class action in the Central District of California, alleging that Consumerinfo had violated various California consumer protection laws. Consumerinfo filed motions to compel arbitration in each case. The district court concluded that plaintiffs had assented to the arbitration agreements, that Consumerinfo had not committed fraud in the execution, that any fraud in the inducement defense must be resolved by an arbitrator, that federal law foreclosed an effective vindication of statutory rights defense, and that the arbitration agreements were not unconscionable. The district court then stayed the actions, compelled individual arbitration of each plaintiff's claims, and denied Johnson's motion for 28 U.S.C. § 1292(b) certification. Each plaintiff timely appealed, and we consolidated the cases for argument.

## II

### A

The Judicial Improvements and Access to Justice Act, Pub. L. 100-702, § 1019, 102 Stat. 4642, 4671 (1988) (codified at 9 U.S.C. § 16), provides:

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

It is well established that § 16(b) bars appeals of interlocutory orders compelling arbitration and staying

judicial proceedings. *See, e.g.*, *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86–88 & n.2 (2000) (contrasting a dismissal with prejudice, appealable under § 16(a)(3), with a stay, which "would not be appealable"); *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014) ("Thus, an order compelling arbitration may be appealed if the district court dismisses all the underlying claims, but may not be appealed if the court stays the action pending arbitration.").

This court has not yet addressed, however, whether an immediate appeal may be taken from a district court order staying judicial proceedings and compelling arbitration if that decision can be deemed "final" under the collateral order doctrine. The plaintiffs correctly note that § 16(b) only denies jurisdiction over an appeal of an "interlocutory order," and that § 16(a)(3) and 28 U.S.C. § 1291 provide appellate jurisdiction for "final" decisions. Plaintiffs therefore contend that if an order compelling arbitration qualifies as a collateral order, it is final—not interlocutory—and § 16(b) does not bar immediate appeal. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). ("The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it.") (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

**B**

We are not persuaded by plaintiffs' creative argument. In interpreting the Judicial Improvements and Access to Justice Act, as any statute, "we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." *Crandon v. United States*, 494 U.S. 152, 158 (1990). Subsection 16(a)(1) provides that

"[a]n appeal may be taken from an order" limiting arbitration. Subsection 16(b), in contrast, states that an "an appeal may not be taken from an interlocutory order" requiring arbitration. A natural reading of these provisions suggests that Congress included the word "interlocutory" in § 16(b) to define the orders requiring arbitration listed in § 16(b)(1)–(4) as nonappealable. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1063 (9th Cir. 2007) ("Generally, interlocutory orders are not immediately appealable."). The structure of the statute thus suggests that Congress intended to remove appellate jurisdiction from *all* orders listed in § 16(b)(1)–(4), regardless of whether any such order could otherwise be deemed collateral.

The history of § 16 also demonstrates that Congress intended 28 U.S.C. § 1292(b) to provide the sole avenue to immediate appeal of an order staying judicial proceedings and compelling arbitration. Before Congress enacted § 16, an order now described in § 16(b)(1)–(4) was immediately appealable only if collateral or certified pursuant to § 1292(b).[1] *See Napleton v. Gen. Motors Corp.*, 138 F.3d 1209, 1217 (7th Cir. 1998) (Wood, J., dissenting), *majority opinion overruled by Green Tree*, 531 U.S. at 87–89 & n.3. Because § 16(b) preserves appellate jurisdiction over orders certified under § 1292(b), plaintiffs' argument is that § 16 left both previous routes to immediate appeal unscathed. This interpretation, however, would render § 16(b) superfluous. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397 (1995).

---

[1] Before the enactment of § 16, an order granting or denying a stay was not appealable under 28 U.S.C. 1292(a)(1). *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 288 (1988).

Because the plain meaning of § 16 is clear, we may look to legislative history only to determine whether it is clear that "Congress meant something other than what it said." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (en banc) (quoting *Perlman v. Catapult Entm't, Inc.* (*In re Catapult Entm't, Inc.*), 165 F.3d 747, 753 (9th Cir.1999)) (internal quotation marks omitted). The limited legislative history confirms that Congress meant what it said in § 16. The Senate Judiciary Committee, whose section-by-section analysis was incorporated into the Congressional Record, explained that an order compelling arbitration would be appealable only when "there is nothing left to be done in the district court." 134 Cong. Rec. S16,309 (daily ed. Oct. 14, 1988); *see also id.* ("This section permits arbitration to proceed without appeal if the district court orders that arbitration precede litigation, and by permitting immediate appeal if the district court orders that litigation precede arbitration."). The House Report also made clear that Congress intended to prohibit immediate appeals from the orders listed in § 16(b)(1)–(4). *See* H.R. Rep. No. 100-889, at 37 (1988) ("[I]nterlocutory appeals are specifically prohibited in new section 15 when the trial court finds that the parties have agreed to arbitrate and that the dispute comes within the arbitration agreement.").

Our sister circuits have unanimously concluded that § 1292(b) provides the sole route for immediate appeal of an order staying proceedings and compelling arbitration. *Moglia v. Pac. Emp'rs Ins. Co.*, 547 F.3d 835, 837 (7th Cir. 2008) ("Other possible sources of appellate jurisdiction, including 28 U.S.C. § 158(d) (final decisions in bankruptcy), § 1291 (final decisions in civil suits), and § 1292(a) (injunctions), are superseded for orders to arbitrate."); *ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.*, 504 F.3d 1208, 1211

(11th Cir. 2007) ("Applying the *Cohen* collateral order doctrine to permit an appeal that § 16(b) specifically prohibits . . . would amount to using a judge-made doctrine to erase an unequivocal congressional command."); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1102 (6th Cir. 2002) ("Congress legislated with specificity in the arbitration context, and its statute supersedes the collateral order doctrine."); *Filanto, S.P.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 60 n.2 (2d Cir. 1993) ("In the absence of certification, however, the barrier to appeal cannot be circumvented by the collateral order doctrine, whether the order compels arbitration or refuses to stay an action pending arbitration.") (citations omitted).  Today we hold the same.

### III

In the alternative, plaintiffs seek the extraordinary remedy of mandamus.[2]  Although § 16(b) does not preclude mandamus relief, *Douglas v. U.S. Dist. Court*, 495 F.3d 1062, 1065–66 (9th Cir. 2007) (per curiam),[3] we deny the petition.

"Mandamus is a drastic remedy and is to be used only in extraordinary circumstances; in large measure the issuance of the writ is a matter of the court's discretion." *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir. 1978).  Although we consider five factors to determine whether the writ should

---

[2] Although plaintiffs did not file a petition for a writ of mandamus, they briefed the issue, and "a notice of appeal from an otherwise nonappealable order can be considered as a mandamus petition . . . ." *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 998 (9th Cir. 2003).

[3] Nor does § 16(b) restrict pendant appellate jurisdiction, *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1379 (9th Cir. 1997), a situation not presented here.

issue, the absence of clear error as a matter of law is dispositive. *Andrich v. U.S. Dist. Court*, 668 F.3d 1050, 1051 (9th Cir. 2011) (per curiam). Plaintiffs cannot surmount that hurdle here, as the district court's well-reasoned decision was plainly not a "'usurpation of judicial power' or a clear abuse of discretion." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)).

Plaintiffs' appeal is **DISMISSED** and their petition for a writ of mandamus **DENIED**.