**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE SWIFT TRANSPORTATION
COMPANY INCORPORATED;
INTERSTATE EQUIPMENT
LEASING INCORPORATED; CHAD
KILLIBREW; JERRY MOYES,

No. 15-70592

D.C. No.
2:10-cv-00899-JWS

SWIFT TRANSPORTATION
COMPANY INCORPORATED;
INTERSTATE EQUIPMENT
LEASING INCORPORATED; CHAD
KILLIBREW; JERRY MOYES,
                *Petitioners*,

OPINION

v.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA,
PHOENIX,
                *Respondent*,

VIRGINIA VAN DUSEN,
individually and on behalf of all
other similarly situated persons;
JOSEPH SHEER, individually and
on behalf of all other similarly
situated persons; JOSE
MOTOLINA; VICKII SCHWALM;
PETER WOOD,
                *Real Parties in Interest.*

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Filed July 26, 2016

Before: Sidney R. Thomas, Chief Judge and Sandra S.
Ikuta and Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Hurwitz;
Dissent by Judge Ikuta

**SUMMARY**[*]

**Arbitration / Mandamus**

The panel denied a petition for a writ of mandamus in a
labor law case in which the defendants sought to compel
arbitration.

In a prior appeal, the court of appeals held that the district
court, rather than an arbitrator, must decide whether the
dispute was exempt from arbitration under 9 U.S.C. § 1,
which provides that the Federal Arbitration Act does not
apply to contracts of workers engaged in foreign or interstate

---

[*] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

commerce.  On remand, the district court issued a scheduling order for discovery and a trial on the § 1 issue.

In a companion appeal, *Van Dusen v. Swift*, No. 15-15257, the panel held that it lacked jurisdiction to review the district court's interlocutory scheduling order. Defendants also sought a writ of mandamus ordering the district court to vacate its order and decide defendants' petition to compel arbitration without discovery or trial.

The panel denied the mandamus petition because defendants had a remedy in urging their position before the district court in dispositive motions and in the form of direct appeal following the issuance of a final order.  Normal litigation expense did not constitute sufficient prejudice to warrant relief, and the discovery cost had already been incurred.  And, most crucially, the district court's order was not clearly erroneous.

Concurring, Judge Hurwitz wrote that the extraordinary remedy of a writ of mandamus was not warranted.

Dissenting, Judge Ikuta wrote that a writ of mandamus should be granted because the district court clearly erred in ordering discovery, pretrial proceedings, and trial rather than addressing the only legal issue before it—whether the workers' contract was a "contract of employment" for purposes of § 1 of the Federal Arbitration Act. She wrote that other factors also weighed in favor of granting the writ.

**COUNSEL**

Ronald J. Holland (argued), Ellen M. Bronchetti, and Paul S. Cowie; Sheppard, Mullin, Richter & Hampton LLP, San Francisco, California; for Petitioners-Appellants.

Edward Tuddenham (argued), New York, New York; Dan Getman and Lesley Tse, Getman & Sweeney PLLC, New Paltz, New York; Jennifer Kroll and Susan Martin, Martin & Bonnett PLLC, Phoenix, Arizona; for Plaintiffs-Appellants.

**OPINION**

PER CURIAM:

In this companion case to *Van Dusen v. Swift*, No. 15-15257 ("*Van Dusen III*"), Swift Transportation Company, Inc., Interstate Equipment Leasing, Inc., and senior executives at both companies (collectively "Swift") seek a writ of mandamus ordering the district court to vacate its case management order and decide the petition to compel arbitration without discovery or trial. We deny the petition for a writ of mandamus.

I

The factual background of this case is set forth in some detail in the opinion in *Van Dusen III*. In short, two interstate truckers (collectively "Van Dusen") entered into contracts with Swift that designated them as independent contractors and also contained a clause requiring them to arbitrate "[a]ll disputes and claims arising under, arising out of or relating to [the] [a]greement[s]." After contract termination, Van Dusen

filed a collective and class action complaint against Swift alleging that Swift misclassified Van Dusen and others as independent contractors. Swift moved to compel arbitration and dismiss or stay the district court action. Van Dusen objected that § 1 of the Federal Arbitration Act prevented the district court from compelling arbitration. The district court granted Swift's motion to compel arbitration. The court also determined that an arbitrator should decide whether the § 1 exemption applies. The court subsequently denied Van Dusen's motion to reconsider or certify an appeal. Van Dusen petitioned this Court for a writ of mandamus. *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) ("*Van Dusen I*"). In *Van Dusen I*, we held that the district court was required to assess whether a § 1 exemption applies before ordering arbitration. *Id*. at 846. We denied the mandamus petition, holding that the district court had not committed clear error because there was no controlling precedent. *Id*. On remand, the district court denied Van Dusen's motion for reconsideration, reiterated its original opinion, and certified an interlocutory appeal.

On appeal, we applied law of the case as determined by *Van Dusen I*, and held that the district court, not an arbitrator, should decide the § 1 exemption in the first instance. *Van Dusen v. Swift Transp. Co.*, 544 F. App'x 724 (9th Cir. 2013) ("*Van Dusen II*"). We remanded with instructions to "determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before . . . consider[ing] Swift's motion to compel." *Id.* at 724. On remand, the district court issued a case management order that included a discovery schedule, motion deadlines, and set a potential trial date. Swift moved the court for a stay of proceedings and for an order determining the § 1 issue without discovery or trial. Swift filed an interlocutory appeal,

which we dismissed for lack of jurisdiction in *Van Dusen III*, and this petition for a writ of mandamus.

## II

"The writ of mandamus is a drastic and extraordinary remedy reserved only for really extraordinary causes." *Van Dusen I*, 654 F.3d at 840 (quoting *Ex Parte Fahey*, 332 U.S. 258, 259–60 (1947) (internal quotations omitted)). Issuance of the writ is "in large measure . . . a matter of the court's discretion." *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014) (quoting *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir. 1978) (internal quotations omitted)). We weigh five factors to determine whether mandamus relief is appropriate. *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977); *see also In re United States*, 791 F.3d 945, 955 (9th Cir. 2015) (reiterating *Bauman* factors). We consider whether:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Bauman*, 557 F.2d at 654–55 (citations omitted).

These "factors are not exhaustive . . . and should not be mechanically applied." *In re United States*, 791 F.3d at 955 (internal quotations and citations omitted).

The first *Bauman* factor is whether there is any other adequate means, such as a direct appeal, to attain the relief the petitioner desires. Here, Swift has the remedy of direct appeal of the district court's final order denying or compelling arbitration. The district court has not decided that question, and it is by no means certain that the district court will not ultimately compel arbitration on the basis of the contractor agreements alone. The case management order sets forth dates for the parties to file dispositive motions, and the court has not determined whether there is any fact deduced in discovery that would affect its determination of whether arbitration should be compelled. Once the district court has issued a final order with respect to arbitration, Swift can appeal directly.

The second *Bauman* factor, which is closely related to the first, examines whether the petitioner will be damaged or prejudiced in a way not correctable on appeal. Swift argues that "litigation of the § 1 exemption issue will determine the ultimate issue raised by Plaintiffs' claim." But even if this were the case, Swift can still appeal the district court's final order. Any prejudice from the legal effect of the § 1 determination is correctable on appeal.

Swift also argues that it will incur unnecessary litigation expense if the district court proceeds with its case management order. However, "litigation costs are a factor weighing in favor of mandamus relief only in the most extreme circumstances." *In re Orange, S.A.*, 818 F.3d 956, 964 (9th Cir. 2016) (citing *Varsic v. U.S. Dist. Ct.*, 607 F.2d

245, 251–52 (9th Cir. 1979)).  Swift has not shown that the expenses in this case are so outside the realm of normal litigation expense as to be considered among the "most extreme circumstances."  Further, discovery has now closed, so the cost of discovery has already been incurred and is not correctable by mandamus relief.  The second *Bauman* factor weighs against Swift.

The third *Bauman* factor is whether the district court's order is clearly erroneous as a matter of law.  This factor is the most important for our consideration.  "While all the factors need not be present to issue the writ . . . the absence of factor three—clear error as a matter of law—will always defeat a petition for mandamus."  *In re United States*, 791 F.3d at 955 (internal quotations and citations omitted).  *See Van Dusen I*, 654 F.3d at 841 ("clear error as a matter of law . . . is a necessary condition for granting a writ of mandamus" (citing *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010)).

Clear error is a highly deferential standard of review.  *Van Dusen I*, 654 F.3d at 841 (citing *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008)).  We "will not grant mandamus relief simply because a district court commits an error, even one that would ultimately require reversal on appeal."  *Id*. at 845 (quoting *Wilson v. U.S. Dist. Ct.*, 103 F.3d 828, 830 (9th Cir. 1996)).  Instead, "we must have a definite and firm conviction that the district court's interpretation . . . was incorrect."  *Id*. at 841 (internal quotations omitted) (quoting *DeGeorge v. U.S. Dist. Ct.*, 219 F.3d 930, 936 (9th Cir. 2000)).

It is well established that "[t]he absence of controlling precedent weighs strongly against a finding of clear error."

*Van Dusen I*, 654 F.3d at 845 (citations omitted). If "no prior Ninth Circuit authority prohibited the course taken by the district court, its ruling is not clearly erroneous." *In re Morgan*, 506 F.3d 705, 713 (9th Cir. 2007). Further, "a question of first impression not yet addressed by any circuit court in a published opinion . . . cannot satisfy the third . . . *Bauman* factor[ ], requiring a showing of a clear . . . error by the district court." *Medhekar v. U.S. Dist. Ct.*, 99 F.3d 325, 327 (9th Cir. 1996).

The district court did not commit clear error when it issued its case management order. It did so in response to our instructions in *Van Dusen II* that "the district court must determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before it may consider Swift's motion to compel." 544 F. App'x at 724. Crucially, in neither *Van Dusen I* nor *Van Dusen II* did we instruct the district court to make the § 1 determination in a certain way. Certainly our opinions did not direct the district court to decide the issue on "briefing alone," as Swift contends. Therefore, when the district court sought to resolve the § 1 question through discovery and a trial, it did not contravene our instructions. The district court's management and planning order is not clearly erroneous on the basis of our opinions in this case.

Nor is the district court's case management order contrary to other precedents of the Supreme Court or this Circuit. Further, there do not appear to be any decisions from our sister circuits on the question of whether the FAA compels a certain procedural choice in a district court's § 1 determination. The absence of precedent weighs heavily against finding clear error. *In re Morgan*, 506 F.3d at 713. Accordingly, we cannot say that the district court committed

clear error. *Van Dusen I*, 654 F.3d at 845; *Medhekar*, 99 F.3d at 327.

The fourth *Bauman* factor is whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. Given the lack of precedent, we cannot say that the alleged error is "oft-repeated." And the issuance of a case management order is not only consistent with, but required by, the federal rules. *See* Fed. R. Civ. P. 16(b).

The final *Bauman* factor is whether the district court's order raises new and important problems, or issues of law of first impression. The question of whether the FAA compels district courts to decide § 1 exemptions on the basis of briefing alone is an issue of first impression, so this factor weighs in favor of Swift. However, Swift does have a remedy in the form of direct appeal to make its argument.

In sum, the *Bauman* factors weigh against the grant of mandamus relief. Swift has a remedy in urging its position before the district court in dispositive motions and, if the district court is adverse to Swift, in the form of direct appeal following the issuance of a final order. Normal litigation expense does not constitute sufficient prejudice to warrant relief, and the discovery cost has already been incurred. Most crucially, in the absence of controlling precedent, the district court order was not clearly erroneous. The district court's order is not an "oft-repeated error," if indeed it is an error at all, and certainly does not manifest a persistent disregard of the federal rules. Although the question may be one of first impression, Swift has a remedy. Therefore, applying the

*Bauman* factors, we conclude that Swift is not entitled to the extraordinary relief of the issuance of a writ of mandamus.[1]

### PETITION DENIED.

---

HURWITZ, Circuit Judge, concurring:

If this were a direct appeal from a district court order denying Swift's motion to compel arbitration, I might agree with Judge Ikuta that the issue before the district court is one of law not requiring discovery. But, because the district judge has neither granted nor denied Swift's motion, there is no appealable order. What is before us, rather, is a petition for mandamus.

"Mandamus is a drastic remedy and is to be used only in extraordinary circumstances." *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014) (quoting *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir. 1978)). Here, virtually nothing would be gained by granting the writ. The district court will shortly decide whether Van Dusen's contract is one of employment under the Federal Arbitration Act, 9 U.S.C. § 1. If the court decides that it is not, it will order arbitration, mooting the mandamus petition. And, if the court finds that Van Dusen's contract is one of employment and denies the motion to compel arbitration, Swift can appeal. *Id.* § 16(a)(1)(B). Even assuming, as Judge Ikuta persuasively argues, that the issue before the district court could have been resolved without discovery, discovery is now

---

[1] Van Dusen's motions to take judicial notice of the existence of various district court documents are **GRANTED**. *See* Docket Nos. 9, 13.

complete. There is no extraordinary need to interrupt the proceedings below.

---

IKUTA, Circuit Judge, dissenting:

Interstate truck driver Van Dusen signed an agreement with Swift designating Van Dusen as an independent contractor. The agreement also stated that the parties would arbitrate any dispute. Van Dusen now says that she was actually an employee and the contract was really one of employment, so it was exempt from the Federal Arbitration Act (FAA). We have twice before given this district court a single task: Decide whether the agreement falls into the category of "contracts of employment" for purposes of the FAA. Instead, six years after our first ruling, the district court is erroneously requiring the parties to undertake an evidentiary hearing on the merits to decide whether Van Dusen is functionally an employee. Under the circumstances of this case, the extraordinary remedy of a writ of mandamus is warranted.

I

Van Dusen entered into a contractor agreement with Swift for the interstate transportation of freight. The parties agreed that Van Dusen was an independent contractor who would "determine the method, means and manner of performing work and services" under the agreement and could provide the same services for others. The parties also bargained to arbitrate "[a]ll disputes and claims arising under, arising out of or relating to" the contractor agreement, "including the arbitrability of disputes between the parties."

Notwithstanding this agreement, Van Dusen and other interstate truckers brought a lawsuit in 2009 claiming that they were functionally employees and that Swift had violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and state wage laws by failing to pay them minimum wages (including overtime) and by making unlawful deductions from their wages. Van Dusen sought to certify a class of essentially all truckers who had driven under a contract with Swift since 2006.

Swift immediately moved to compel arbitration of these claims as provided in the contractor agreement. Van Dusen moved to block arbitration on the ground that the agreements themselves were exempt from arbitration under § 1 of the FAA, which states, "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Van Dusen claimed that the contractor agreements for interstate transportation of freight were "contracts of employment."

The district court initially concluded that the arbitrator should decide whether the form agreements were "contracts of employment." We disagreed. *See In re Van Dusen*, 654 F.3d 838 (9th Cir. 2011) (*Van Dusen I*). Instead, we concluded that § 1 "explicitly carves out a category of cases exempt from the provisions of the Act," and therefore "a district court has no authority to compel arbitration" where § 1 "exempts the underlying contract from the FAA's provisions." *Id.* at 843. Although we declined to grant Van Dusen's mandamus petition, we sent the case back to the district court expressly holding that the district court must decide, as a matter of law, whether the contractor agreement

between Swift and Van Dusen was "of the kind" that is exempt from the FAA. *Id.* at 844.

Instead of making this legal determination, the district court granted Van Dusen's motion for certification of an interlocutory appeal. When the case came back to us with the same question, whether a district court should assess whether a § 1 exemption applies, we unsurprisingly did not change our mind. We stated that our prior ruling was law of the case and law of the circuit, and we remanded to the district court to determine whether the contractor agreement was exempt under § 1. *Van Dusen v. Swift Transp. Co., Inc.*, 544 F. App'x 724 (9th Cir. 2013) (*Van Dusen II*).

On remand, the district court did not follow our direction. Instead of addressing the only legal issue before it—whether the form contract is "a contract of employment" for purposes of § 1—the district court issued a scheduling order for discovery, pretrial proceedings, and trial. The purpose of the proceedings was to determine one of the key substantive issues on dispute between the parties: the "plaintiffs' status as employees or independent contractors." Applying judicial interpretations of the scope of the FLSA, the district court held that its determination depended on the working relationship between Van Dusen and Swift, including such factors as "the employer's right to control the work, the individual's opportunity to earn profits from the work, the individual's investment in equipment and material needed for the work, whether the work requires a specialized skill, and whether the work done by the individual is an integral part of the employer's business." The district court relied on *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979), which lays out the relevant factors for determining

whether a person is an employee or independent contractor under the FLSA.

II

The district court erred in adopting this approach. Under the "expansive interpretation of the definitions of 'employer' and 'employee' under the FLSA," the contract between the parties is merely a factor to consider; it is not conclusive regarding whether there is an employer-employee relationship between the parties for purposes of the FLSA. *Id.* "Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA." *Id.* at 755.

But the district court was not called upon to address the "economic realities" of the relationship between Van Dusen and Swift. The only issue before the district court is a legal one. As we have explained, § 1 "explicitly carves out a category of cases exempt from the provisions of the Act," *Van Dusen I*, 654 F.3d at 843; *see also Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 201 (1956) (holding that the language of the FAA makes clear that Congress chose certain "kind[s] of agreement[s]" to be brought under federal regulation and exempted others); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401–02 & n.9 (1967) (holding that § 1 exempts certain "categories of contracts otherwise within the Arbitration Act"). Contrary to the expansive definition of employer under the FLSA, we give § 1 a "narrow construction," *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118 (2001), and do not read "contracts of employment" expansively to mean any contract between parties in an employment relationship, *see Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 278–80 (5th Cir. 2007).

Determining whether a contract qualifies as a "contract of employment" requires a categorical approach that focuses solely on the words of the contract and the definition of the relevant category. We have previously undertaken the task of determining whether, as a matter of law, a contract was an employment contract. *See Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374 (9th Cir. 1994). In *Modzelewski*, "employment contract" was not defined in ERISA or the applicable regulations, so we turned to Black's Law Dictionary, which defined "employment contract" as "an agreement setting forth 'terms and conditions' of employment." *Id.* at 1376. We then reviewed the terms and conditions contained in the relevant contract. These terms prohibited "the employee" from maintaining "other employment without the employer's consent"; required the employee to "devote all his working time and ability" to the employer; created "a covenant not to compete after retirement or termination as a condition of receiving benefits"; and authorized the employer "to discharge for cause and voids all benefits" if the covenant not to compete was breached. *Id.* at 1376. We determined that "the agreements in question clearly contain terms related directly to employment, and hence are also employment contracts." *Id.* at 1377. We did not analyze the "economic realities" of the relationship between the parties to the contract.

The district court should have followed a similar approach. It should have first defined "contract of employment" for purposes of the FAA using standard tools of statutory construction. The court should then have determined whether the contract includes terms and conditions of employment. This information is clear on the face of the contract. Categorizing the nature of a contract requires only the examination of its terms; in no event is there

a need to conduct discovery and a trial to consider the "economic realities" of the relationship of the parties to the contract.

Indeed, by requiring the parties to litigate the underlying substance of Van Dusen's claim—whether the economic realities of Van Dusen's work for Swift made Van Dusen an employee for purposes of the FLSA—the district court risks depriving Swift of the benefits of its contract.[1] If it turns out that the contractor agreement is *not* a "contract of employment," it is subject to the FAA, and Van Dusen is bound by her bargain to arbitrate all disputes, including any question regarding whether the disputes are arbitrable. The court's failure to make the legal determination whether the FAA is applicable potentially defeats Swift's rights under the contract and undermines the policies of the FAA and "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint*, 388 U.S. at 404. Swift has already spent seven years and countless dollars litigating an issue that it may very well have the right to arbitrate.

---

[1] Contrary to Judge Hurwitz's concurring opinion, there is still much at stake in this case. Although discovery is complete, the district court's scheduling order anticipates a five day trial to determine the relationship of the parties. Our granting the writ would limit the scope of the district court's inquiry to the proper legal question and save the parties the substantial costs of trial. Moreover, the argument made by the majority and Judge Hurwitz that we should not grant mandamus because "discovery has now closed," Maj. op. at 8, is less than compelling when it is our delay in issuing a decision in this case that allowed discovery to be completed.

### III

Under the circumstances of this case, where the district court has declined to make the key legal decision three times over the span of six years, the extraordinary remedy of mandamus is warranted.  To determine whether the petitioner has established a right to this remedy, we consider the five factors from *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977):

> (1) Whether the petitioner has other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order makes an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or legal issues of first impression.

*In re Perez*, 749 F.3d 849, 854–55 (9th Cir. 2014) (internal quotation marks omitted).  "The factors are not to be mechanically applied; we are neither compelled to grant the writ when all five factors are present, nor prohibited from doing so when fewer than five, or only one, are present." *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015) (internal quotation marks omitted).

We have held that "the absence of factor three—clear error as a matter of law—will always defeat a petition for mandamus." *DeGeorge v. U.S. Dist. Court for Cent. Dist. of*

*Cal.*, 219 F.3d 930, 934 (9th Cir. 2000). As explained above, there is no doubt that the district court's order scheduling discovery and trial is clearly erroneous.

The remaining *Bauman* factors likewise weigh in favor of granting the remedy. Van Dusen does not dispute that the first two *Bauman* factors are satisfied. The district court's order is not appealable, and therefore Swift has no adequate means to obtain review. *See Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Ariz.*, 915 F.2d 1276, 1279 (9th Cir. 1990). And because Swift cannot immediately appeal the district court's order, it must proceed with discovery and trial to determine "plaintiffs' status as employees or independent contractors," the very issue it seeks to arbitrate. Moreover, an appeal after litigating the key issue in the case would be meaningless. Swift will have already lost the benefit of its bargain, the contractual right to arbitration.

This case also satisfies the fourth and fifth *Bauman* factors. The district court's order makes an "oft-repeated error, or manifests a persistent disregard of the federal rules." As the history of this case shows, the district court has repeated the same error three times. Twice before we explained that the district court must determine whether the contractor agreement falls into the category of "contracts of employment." *Van Dusen I*, 654 F.3d at 843–44; *Van Dusen II*, 544 F. App'x 724. This is the third time it has misunderstood our direction, and it is necessary for us to step in to correct this error. Moreover, this exact issue has arisen frequently in district courts, and district courts often erroneously look to the relationship of the parties in determining whether the contract is one of employment. *See, e.g.*, *Doe v. Swift Transp. Co.*, 2015 WL 274092, at *3 (D. Ariz. Jan. 22, 2015); *Cilluffo v. Cent. Refrigerated Servs.,*

*Inc.*, 2012 WL 8523507, at *4–5 (C.D. Cal. Sept. 24, 2012); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 288 F. Supp. 2d 1033, 1034 (D. Ariz. 2003); *but see Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*, 325 F. Supp. 2d 1252, 1258 (D. Utah 2004) (looking only to the contract).

Finally, this case presents a novel and important issue of law. We have not yet explained in a published opinion how a court must proceed when a party to a contract containing an arbitration agreement challenges the contract on the ground that it is exempt under § 1. A failure to address this issue and correct the district court's erroneous approach may encourage plaintiffs in many different contexts to sidestep an agreement to arbitrate by strategically claiming that their contract is exempt and that it is necessary to litigate the key merits issue outside of arbitration.

Because the *Bauman* factors weigh in favor of granting Swift's petition and mandamus is clearly warranted in this case, I dissent.