*918 HURWITZ, Circuit Judge,
concurring:
If this were a direct appeal from a district court order denying Swift’s motion to compel arbitration, I might agree with Judge Ikuta that the issue before the district court is one of law not requiring discovery. But, because the district judge has neither granted nor denied Swift’s motion, there is no appealable order. What is before us, rather, is a petition for mandamus.
“Mandamus is a drastic remedy and is to be used only in extraordinary circumstances.” Johnson v. Consumerinfo.com, Inc., 745 F.3d 1019, 1023 (9th Cir. 2014) (quoting United States v. Sherman, 581 F.2d 1358, 1361 (9th Cir. 1978)). Here, virtually nothing would be gained by granting the writ. The district court will shortly decide whether Van Dusen’s contract is one of employment under the Federal Arbitration Act, 9 U.S.C. § 1. If the court decides that it is not, it will order arbitration, mooting the mandamus petition. And, if the court finds that Van Du-sen’s contract is one of employment and denies the motion to compel arbitration, Swift can appeal. Id. § 16(a)(1)(B). Even assuming, as Judge Ikuta persuasively argues, that the issue before the district court could have been resolved without discovery, discovery is now complete. There is no extraordinary need to interrupt the proceedings below.