**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO GONZALEZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>    Defendant-Appellee. | No. 17-55787<br><br>D.C. No.<br>5:16-cv-02287-JGB-KK<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and RICE,** Chief District Judge.

Coverall North America, Inc. ("Coverall") is a franchisor of commercial

cleaning businesses. Sergio Gonzalez ("Gonzalez") is one of Coverall's

franchisees. In November 2016, Gonzalez filed a class action against Coverall,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

alleging that he and other similarly situated individuals are misclassified as independent contractors, rather than employees of appellee, in violation of California law. Coverall subsequently filed a Motion to Compel Arbitration pursuant to the parties' "Janitorial Franchise Agreement." The district court granted Coverall's motion to compel arbitration and stayed further proceedings pending a ruling by the arbitrator as to whether the parties' dispute was subject to arbitration. Thereafter, rather than proceeding to arbitration, Gonzalez filed a motion to dismiss his claims, which the district court granted without prejudice. Having secured the dismissal of his complaint, Gonzalez pursued an appeal in this court under 28 U.S.C. § 1291. Gonzalez seeks reversal of the district court's order granting Coverall's motion to compel arbitration. We assume the parties' familiarity with the facts and procedural history.

Coverall argues that this court lacks jurisdiction to hear Gonzalez's appeal because "Plaintiff's attempt to manufacture appellate jurisdiction violates the final-judgment rule, the Federal Arbitration Act's explicit bar on interlocutory appeals, and prevailing case law." We agree, and we dismiss Gonzalez's appeal for lack of jurisdiction.

It is well-established that § 16(b) of the Federal Arbitration Act ("FAA") bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings. *See*, *e.g.*, *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79,

86 & n.2 (2000) (contrasting a dismissal with prejudice, appealable as a "final decision" under § 16(a)(3), with a stay, which "would not be appealable"); *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014) ("[A]n order compelling arbitration may be appealed if the district court dismisses all the underlying claims, but may not be appealed if the court stays the action pending arbitration."). Under the FAA, a party seeking to appeal an order staying the action and compelling arbitration must first secure permission from both the district court and the court of appeals under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b); *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014) (holding that "§ 1292(b) provides the sole route for immediate appeal of an order staying proceedings and compelling arbitration.").

Here, the district court's order directing the parties to arbitration and staying further proceedings is not an appealable, final decision under 28 U.S.C. § 1291. To appeal from the arbitration order, Gonzalez was obliged to obtain the district court's permission for an interlocutory appeal under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b). It is undisputed, however, that Gonzalez failed to seek or secure the requisite certification from the district court.

It makes no difference that Gonzalez then secured a voluntary dismissal without prejudice. A plaintiff's "voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal." *Concha v.*

3                                                                      17-55787

*London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (emphasis in original). Indeed, Gonzalez made clear that he wished voluntarily to dismiss his case only so that he could immediately "seek review of the [stay order]."

Accordingly, we dismiss this appeal for lack of jurisdiction.

**DISMISSED.**