NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO GONZALEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>        Defendant-Appellee. | No.   22-56189<br><br>D.C. No.<br>5:16-cv-02287-JGB-KK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 22, 2024
San Francisco, California

Before:  BYBEE, D.M. FISHER,[**] and LEE, Circuit Judges.

Sergio Gonzalez entered into a franchise agreement with Coverall North

America, Inc. to operate a cleaning business. He sued Coverall in 2016, claiming

he was misclassified as a contractor when he was in fact an employee. Coverall

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

filed a motion to compel arbitration under the parties' agreement. The District Court granted the motion in 2017. Since then, a veritable litigation odyssey has ensued, and this is the parties' third appeal to our Court. We assume familiarity with this labyrinthine record. Gonzalez now argues the District Court abused its discretion in denying his motion to reopen his lawsuit under Federal Rule of Civil Procedure 60(b). We dismiss for lack of jurisdiction.

## I. Background

In April 2017, the District Court sent the question of arbitrability to the arbitrator and then granted Gonzalez's motion to dismiss without prejudice. Gonzalez appealed. *Gonzalez v. Coverall N. Am., Inc.*, 754 F. App'x 594, 595 (9th Cir. 2019) (*Gonzalez I*).

While "it is 'well established that § 16(b) [of the Federal Arbitration Act (FAA)] bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings,'" *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1118 (9th Cir. 2020) (citation omitted), we have held that plaintiffs could immediately appeal an order compelling arbitration "if they voluntarily dismissed their claims with prejudice under Rule 41(a)(2)," *id.* (citing *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010)). That did not happen here; Gonzalez's claims were dismissed without prejudice. *Gonzalez I*, 754 F. App'x at 595.

Nor could Gonzalez rely on the other strategy we have endorsed: where the

2

district court orders all of a party's claims to arbitration and dismisses all of the claims without prejudice. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). That did not happen here, either; the District Court did not order all of Gonzalez's claims to arbitration. Rather, it ordered only the question of arbitrability to arbitration before dismissing the case at Gonzalez's request. *Gonzalez I*, 754 F. App'x at 595. Because neither exception applied, we held the District Court's dismissal was not final and dismissed for lack of jurisdiction. *Id.* at 596.

On remand, Gonzalez filed a motion under Rule 60(b)(6), which provides for relief "from a final judgment, order, or proceeding" for several specified reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). That motion was denied. The finality of an order denying a Rule 60(b) motion "derives from the finality of the underlying judgment upon which such relief is sought." *In re Mason*, 709 F.2d 1313, 1315 (9th Cir. 1983). The underlying judgment was the District Court's ruling that arbitrability would be decided by the arbitrator—which is not a final judgment. Therefore, when Gonzalez appealed a second time, *Gonzalez v. Coverall N. Am., Inc.*, 826 F. App'x 645, 646 (9th Cir. 2020) (*Gonzalez II*), he was attempting to obtain review of an interlocutory order.

## II. Discussion

That non-final judgment of the District Court is once more before us. Just as

3

before, we lack appellate jurisdiction. This fact is unchanged by two aspects of the procedural history that, initially, might seem to muddy the waters. First, Gonzalez's Rule 60(b)(6) motion seeking to reopen the April 2017 order was improper. "Rule 60(b) . . . applies only to motions attacking final, appealable orders . . . ." *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). But in the first appeal—which had concluded just before Gonzalez filed his Rule 60(b)(6) motion—we held the District Court's April 2017 order was not final and appealable. The District Court should not have adjudicated the motion, at least not under Rule 60(b)(6).

Second, appellate jurisdiction is not created by the *Gonzalez II* majority's decision to reach the merits and remand for the District Court to "consider whether and how the *Henson* factors might apply to this case." 826 F. App'x at 646. Because we now determine that jurisdiction is lacking, dismissal is the only option: "[t]he limits upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).[1] The case is still

---

[1] The law of the case doctrine does not require us to follow the majority's *sub silentio* exercise of jurisdiction in *Gonzalez II*. That doctrine instructs that "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (citation omitted). However, "[t]he doctrine does not apply to issues not addressed by the appellate court." *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186 (9th Cir. 2001). The *Gonzalez II* majority opinion did not discuss jurisdiction and therefore does not bind us with respect to jurisdiction.

in essentially the same place it was in *Gonzalez I* and *Gonzalez II*. There is no final, appealable order—just another ruling on the same improper Rule 60(b)(6) motion to reopen a non-final order.

Gonzalez argues the District Court's April 2017 order was appealable under the collateral order doctrine. Orders compelling arbitration, however, are categorically not collateral. *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014). Gonzalez also contends the law changed during the pendency of his appeal with the issuance of *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017). He says we applied *Microsoft* to retroactively invalidate his formerly-sound course of action. But even under the former state of the law, the April 2017 order was not final and appealable. The District Court neither dismissed the claims with prejudice nor sent all the claims to arbitration. *See Johnmohammadi*, 755 F.3d at 1074; *Omstead*, 594 F.3d at 1085. Therefore, any changes wrought by *Microsoft* are immaterial here.

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 U.S. (7 Wall.) 506, 514 (1868)).

**DISMISSED.**