NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000279
19-SEP-2024
08:20 AM
Dkt. 44 OGMD**

NO. CAAP-24-0000279


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


LINDA L. SPRENGELER; TIMOTHY J. HARRIS; KIMBERLY H. HARE;
NICHOLAS KLAUBA; BRIGITTE A. CARREAU; DEVON A. CROWELL;
JONATHAN G. NUNEZ; AMANDA J. NUNEZ; MATTHEW R. WOODS;
LANI SAIKI-WOODS, Individually and as Next Friend for C.W.;
RUDOLPH D.K. DUNCAN; KAHANAALOHA KUIKAHI-DUNCAN;
MARC VOLKMER, Individually and as Next Friend for V.V.;
CHRISTIE K. VOLKMER; MARK E. SMYTH; JAYE MOREAU;
NOELANI L. PLANAS; and CORINNE K. MOKIAO,
Plaintiffs-Appellees, v.
D.R. HORTON HAWAII, LLC, dba D.R. HORTON-SCHULER DIVISION,
Defendant-Appellant, and
DORVIN D. LEIS CO., INC., Defendant-Appellee, and
JOHN DOES 1-20; JANE DOES 1-20; and DOE ENTITIES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CCV-23-0000130)


ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Upon consideration of the Motion to Dismiss Appeal for Lack of Jurisdiction (**Motion to Dismiss**) filed June 4, 2024, by Plaintiffs-Appellees Linda L. Sprengeler, Timothy J. Harris, Kimberly H. Hare, Nicholas Klauba, Brigitte A. Carreau, Devon A. Crowell, Jonathan G. Nunez, Amanda J. Nunez, Matthew R. Woods, Lani Saiki-Woods, Individually, and as Next Friend for C.W., Rudolph D.K. Duncan, Kahanaaloha Kuikahi-Duncan, Marc Volkmer, Individually, and as Next Friend For V.V., Christie L. Volkmer, Mark E. Smyth, Jaye Moreau, Noelani L. Planas, and Corinne L. Mokiao (**Appellees**), the papers in support and in opposition, and the record, it appears Appellees seek dismissal of the appeal for

lack of jurisdiction on the basis that the "Order Denying Defendant[-Appellant] D.R. Horton Hawaii dba D.R. Horton-Schuler Division's [(**Appellant**)] Motion To Dismiss Complaint, Filed November 10, 2023 [Dkt. 1] or in the Alternative Stay Proceedings and Compel Individual Arbitrations, Filed March 21, 2024 [Dkt. 55]" (**Arbitration Order**) is not an appealable order. The Arbitration Order stayed the case, directed the parties to engage in a consolidated arbitration, and denied Appellant's requests to dismiss the case and/or compel the parties to individual arbitrations.

The parties do not dispute that the purchase agreements at issue in the underlying case contain "Dispute Resolution" clauses under which any disputes arising from the sale of the subject properties "shall be arbitrated pursuant to the [Federal Arbitration Act (**FAA**)]." Consistent with the parties' expectations under the purchase contracts, we apply the FAA's procedural rules in determining whether we have appellate jurisdiction. See Gabriel v. Island Pacific Academy, Inc., 140 Hawaiʻi 325, 333, 400 P.3d 526, 534 (2017) (determining that the choice-of-law provision in the contract at issue in the underlying case dictated the procedural rules governing an appeal from an order concerning arbitration).

Appellant contends that the court should construe the Arbitration Order as a denial of a motion to compel individual arbitrations, which it contends is appealable under the FAA pursuant to 9 U.S.C. § 16(a)(1)(C) or 9 U.S.C. § 16(a)(3).[1]

---

[1] 9 U.S.C. § 16, which governs appeals under the FAA states, in relevant part,

> (a) An appeal may be taken from--
>
> > (1) an order--
> >
> > . . . .
> >
> > > (C) denying an application under section 206 of this title to compel arbitration, [or]
> >
> > . . . .
> >
> > (3) a final decision with respect to an

(continued...)

2

The term "final decision" as used in 9 U.S.C. § 16(a)(3) refers to "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," such as an order directing the parties to proceed to arbitration and dismissing all claims in the underlying action. Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 86 (2000). Here, the circuit court expressly declined to dismiss the complaint, and it further ordered that the "action is stayed pending completion of the consolidated arbitration" and that it "shall continue to have oversight ability over this action during the pendency of the stay." Thus, the Arbitration Order is not appealable under 9 U.S.C. § 16(a)(3).

Moreover, the Arbitration Order is not the type of order denying arbitration contemplated in 9 U.S.C. § 16(a)(1)(C). The effect of the Arbitration Order was not to deny an application that arbitration be held in accordance with the purchase agreement, but to reject Appellant's argument as to the form of arbitration contemplated in the purchase agreement, and further, to stay the case and affirmatively order the parties "to consolidated arbitrations pursuant to the Purchase Contracts." See Bushley v. Credit Suisse First Boston, 360 F.3d 1149, 1153-54 (9th Cir. 2004) (holding that the denial of a request to compel arbitration under the movant's first-choice forum was not an appealable order denying arbitration under 9 U.S.C. § 16(a)(1)(B) or (C) because the district court nonetheless ordered arbitration

_____

[1](...continued)
arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

to proceed, "albeit not in the 'first-choice' . . . forum requested.").

We therefore conclude the Arbitration Order is not appealable under the FAA.  Consistent with the plain language of 9 U.S.C. § 16, we further conclude the Arbitration Order is not appealable under the collateral order doctrine.  See <u>Johnson v. Consumerinfo.com, Inc.</u>, 745 F.3d 1019, 1021-22 (9th Cir. 2014) ("The structure of the statute . . . suggests that Congress intended to remove appellate jurisdiction from all orders listed in § 16(b)(1)-(4), regardless of whether any such order could otherwise be deemed collateral.").

Therefore, IT IS HEREBY ORDERED that Appellees' Motion to Dismiss is granted, and the appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, September 19, 2024.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge