Concurrence by Judge HURWITZ;
Dissent by Judge IKUTA
OPINION
PER CURIAM:
In this companion case to Van Dusen v. Swift, No. 15-15257 (“Van Dusen III”), Swift Transportation Company, Inc., Interstate Equipment Leasing, Inc., and senior executives at both companies (collectively “Swift”) seek a writ of mandamus ordering the district court to vacate its case man *915 agement order and decide the petition to compel arbitration without discovery or trial. We deny the petition for a writ of mandamus.
I
The factual background of this case is set forth in some detail in the opinion in Van Dusen III. In short, two interstate truckers (collectively “Van Dusen”) entered into contracts with Swift that designated them as independent contractors and also contained a clause requiring them to arbitrate “[a]ll disputes and claims arising under, arising out of or relating to [the] [a]greement[s].” After contract termination, Van Dusen filed a collective and class action complaint against Swift alleging that Swift miselassified Van Dusen and others as independent contractors. Swift moved to compel arbitration and dismiss or stay the district court action. Van Du-sen objected that § 1 of the Federal Arbitration Act prevented the district court from compelling arbitration. The district court granted Swift’s motion to compel arbitration. The court also determined that an arbitrator should decide whether the § 1 exemption applies. The court subsequently denied Van Dusen’s motion to reconsider or certify an appeal. Van Dusen petitioned this Court for a writ of mandamus. In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (“Van Dusen I”). In Van Dusen I, we held that the district court was required to assess whether a § 1 exemption applies before ordering arbitration. Id. at 846. We denied the mandamus petition, holding that the district court had not committed clear error because there was no controlling precedent. Id. On remand, the district court denied Van Du-sen’s motion for reconsideration, reiterated its original opinion, and certified an interlocutory appeal.
On appeal, we applied law of the case as determined by Van Dusen I, and held that the district court, not an arbitrator, should decide the § 1 exemption in the first instance. Van Dusen v. Swift Transp. Co., 544 Fed.Appx. 724 (9th Cir. 2013) (“Van Dusen II”). We remanded with instructions to “determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before ... considering] Swift’s motion to compel.” Id. at 724. On remand, the district court issued a case management order that included a discovery schedule, motion deadlines, and set a potential trial date. Swift moved the court for a stay of proceedings and for an order determining the § 1 issue without discovery or trial. Swift filed an interlocutory appeal, which we dismissed for lack of jurisdiction in Van Dusen III, and this petition for a writ of mandamus.
II
“The writ of mandamus is a drastic and extraordinary remedy reserved only for really extraordinary causes.” Van Dusen I, 654 F.3d at 840 (quoting Ex Parte Fahey, 332 U.S. 258, 259-60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947) (internal quotations omitted)). Issuance of the writ is “in large measure ... a matter of the court’s discretion.” Johnson v. Consumerinfo.com, Inc., 745 F.3d 1019, 1023 (9th Cir. 2014) (quoting United States v. Sherman, 581 F.2d 1358, 1361 (9th Cir. 1978) (internal quotations omitted)). We weigh five factors to determine whether mandamus relief is appropriate. Bauman v. U.S. Dist. Ct., 557 F.2d 650, 654-55 (9th Cir. 1977); see also In re United States, 791 F.3d 945, 955 (9th Cir. 2015) (reiterating Bauman factors). We consider whether:
(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely *916 related to the first.) (3) The district court’s order is clearly erroneous as a matter of law. (4) The district court’s order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court’s order raises new and important problems, or issues of law of first impression.
Bauman, 557 F.2d at 654-55 (citations omitted).
These “factors are not exhaustive ... and should not be mechanically applied.” In re United States, 791 F.3d at 955 (internal quotations and citations omitted).
The first Bauman factor is whether there is any other adequate means, such as a direct appeal, to attain the relief the petitioner desires. Here, Swift has the remedy of direct appeal of the district court’s final order denying or compelling arbitration. The district court has not decided that question, and it is by no means certain that the district court will not ultimately compel arbitration on the basis of the contractor agreements alone. The case management order sets forth dates for the parties to file dispositive motions, and the court has not determined whether there is any fact deduced in discovery that would affect its determination of whether arbitration should be compelled. Once the district court has issued a final order with respect to arbitration, Swift can appeal directly.
The second Bauman factor, which is closely related to the first, examines whether the petitioner will be damaged or prejudiced in a way not correctable on appeal. Swift argues that “litigation of the § 1 exemption issue will determine the ultimate issue raised by Plaintiffs’ claim.” But even if this were the case, Swift can still appeal the district court’s final order. Any prejudice from the legal effect of the § 1 determination is correctable on appeal.
Swift also argues that it will incur unnecessary litigation expense if the district court proceeds with its case management order. However, “litigation costs are a factor weighing in favor of mandamus relief only in the most extreme circumstances.” In re Orange, S.A., 818 F.3d 956, 964 (9th Cir. 2016) (citing Varsic v. U.S. Dist. Ct., 607 F.2d 245, 251-52 (9th Cir. 1979)).’ Swift has not shown that the expenses in this case are so outside the realm of normal litigation expense as to be considered among the “most extreme circumstances.” Further, discovery has now closed, so the cost of discovery has already been incurred and is not correctable by mandamus relief. The second Bauman factor weighs against Swift.
The third Bauman factor is whether the district court’s order is clearly erroneous as a matter of law. This factor is the most important for our consideration. “While all the factors need not be present to issue the writ ... the absence of factor three — clear error as a matter of law — will always defeat a petition for mandamus.” In re United States, 791 F.3d at 955 (internal quotations and citations omitted). See Van Dusen I, 654 F.3d at 841 (“clear error as a matter of law ... is a necessary condition for granting a writ of mandamus” (citing Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010))).
Clear error is a highly deferential standard of review. Van Dusen I, 654 F.3d at 841 (citing Cal. Dep’t of Water Res. v. Powerex Corp., 533 F.3d 1087, 1092 (9th Cir. 2008)). We “will not grant mandamus relief simply because a district court commits an error, even one that would ultimately require reversal on appeal.” Id. at 845 (quoting Wilson v. U.S. Dist. Ct., 103 F.3d 828, 830 (9th Cir. 1996)). Instead, “we must have a definite and firm conviction that the district court’s interpretation ... was incorrect.” Id. at 841 (internal quotations omitted) (quoting DeGeorge v. U.S. Dist. Ct., 219 F.3d 930, 936 (9th Cir. 2000)).
It is well established that “[t]he absence of controlling precedent weighs strongly *917 against a finding of clear error.” Van Dusen I, 654 F.3d at 845 (citations omitted). If “no prior Ninth Circuit authority prohibited the course taken by the district court, its ruling is not clearly erroneous.” In re Morgan, 506 F.3d 705, 713 (9th Cir. 2007). Further, “a question of first impression not yet addressed by any circuit court in a published opinion ... cannot satisfy the third ... Bauman faetor[ ], requiring a showing of a clear ... error by the district court.” Medhekar v. U.S. Dist. Ct., 99 F.3d 325, 327 (9th Cir. 1996).
The district court did not commit clear error when it issued its case management order. It did so in response to our instructions in Van Dusen II that “the district court must determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before it may consider Swift’s motion to compel.” 544 Fed.Appx. at 724. Crucially, in neither Van Dusen I nor Van Dusen II did we instruct the district court to make the § 1 determination in a certain way. Certainly our opinions did not direct the district court to decide the issue on “briefing alone,” as Swift contends. Therefore, when the district court sought to resolve the § 1 question through discovery and a trial, it did not contravene our instructions. The district court’s management and planning order is not clearly erroneous on the basis of our opinions in this case.
Nor is the district court’s case management order contrary to other precedents of the Supreme Court or this Circuit. Further, there do not appear to be any decisions from our sister circuits on the question of whether the FAA compels a certain procedural choice in a district court’s § 1 determination. The absence of precedent weighs heavily against finding clear error. In re Morgan, 506 F.3d at 713. Accordingly, we cannot say that the district court committed clear error. Van Dusen I, 654 F.3d at 845; Medhekar, 99 F.3d at 327.
The fourth Bauman factor is whether the district court’s order is an oft-repeated error, or manifests a persistent disregard of the federal rules. Given the lack of precedent, we cannot say that the alleged error is “oft-repeated.” And the issuance of a case management order is not only consistent with, but required by, the federal rules. See Fed. R. Civ. P. 16(b).
The final Bauman factor is whether the district court’s order raises new and important problems, or issues of law of first impression. The question of whether the FAA compels district courts to decide § 1 exemptions on the basis of briefing alone is an issue of first impression, so this factor weighs in favor of Swift. However, Swift does have a remedy in the form of direct appeal to make its argument.
In sum, the Bauman factors weigh against the grant of mandamus relief. Swift has a remedy in urging its position before the district court in dispositive motions and, if the district court is adverse to Swift, in the form of direct appeal following the issuance of a final order. Normal litigation expense does not constitute sufficient prejudice to warrant relief, and the discovery cost has already been incurred. Most crucially, in the absence of controlling precedent, the district court order was not clearly erroneous. The district court’s order is not an “oft-repeated error,” if indeed it is an error at all, and certainly does not manifest a persistent disregard of the federal rules. Although the question may be one of first impression, Swift has a remedy. Therefore, applying the Bauman factors, we conclude that Swift is not entitled to the extraordinary relief of the issuance of a writ of mandamus.[1]
PETITION DENIED.

. Van Dusen’s motions to take judicial notice of the existence of various district court docu *918 ments are GRANTED. See Docket Nos. 9, 13.