**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE UNITED STATES OF AMERICA,

UNITED STATES OF AMERICA;
CHRISTY GOLDFUSS, in her official
capacity as Director of the Council
on Environmental Quality; MICK
MULVANEY, in his official capacity
as Director of the Office of
Management and Budget; JOHN
HOLDREN, DR., in his official
capacity as Director of the Office of
Science and Technology Policy;
RICK PERRY, in his official capacity
as Secretary of Energy; U.S.
DEPARTMENT OF THE INTERIOR;
RYAN ZINKE, in his official capacity
as Secretary of Interior; U.S.
DEPARTMENT OF TRANSPORTATION;
ELAINE CHAO, in her official
capacity as Secretary of
Transportation; U.S. DEPARTMENT
OF AGRICULTURE; SONNY PERDUE,
in his official capacity as Secretary
of Agriculture; U.S. DEPARTMENT OF
COMMERCE; WILBUR ROSS, in his
official capacity as Secretary of
Commerce; U.S. DEPARTMENT OF
DEFENSE; JIM MATTIS, in his official

No. 17-71692

D.C. No.
6:15-cv-01517-
TC-AA

OPINION

capacity as Secretary of Defense; U.S. DEPARTMENT OF STATE; OFFICE OF THE PRESIDENT OF THE UNITED STATES; U.S. ENVIRONMENTAL PROTECTION AGENCY; U.S. DEPARTMENT OF ENERGY; DONALD J. TRUMP, in his official capacity as President of the United States; THE NATIONAL ASSOCIATION OF MANUFACTURERS; AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS; AMERICAN PETROLEUM INSTITUTE,

*Petitioners*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE,

*Respondent*,

KELSEY CASCADIA ROSE JULIANA; XIUHTEZCATL TONATIUH M., through his Guardian Tamara Roske-Martinez; ALEXANDER LOZNAK; JACOB LEBEL; ZEALAND B., through his Guardian Kimberly Pash-Bell; AVERY M., through her Guardian Holly McRae; SAHARA V., through her Guardian Toa Aguilar; KIRAN ISAAC OOMMEN; TIA MARIE HATTON; ISAAC V., through his

Guardian Pamela Vergun; MIKO V., through her Guardian Pamela Vergun; HAZEL V., through her Guardian Margo Van Ummersen; SOPHIE K., through her Guardian Dr. James Hansen; JAIME B., through her Guardian Jamescita Peshlakai; JOURNEY Z., through his Guardian Erika Schneider; VICTORIA B., through her Guardian Daisy Calderon; NATHANIEL B., through his Guardian Sharon Baring; AJI P., through his Guardian Helaina Piper; LEVI D., through his Guardian Leigh-Ann Draheim; JAYDEN F., through her Guardian Cherri Foytlin; NICHOLAS V., through his Guardian Marie Venner; EARTH GUARDIANS, a nonprofit organization; FUTURE GENERATIONS, through their Guardian Dr. James Hansen,

*Real Parties in Interest.*

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted December 11, 2017
San Francisco, California

Filed March 7, 2018

Before: Sidney R. Thomas, Chief Judge, and Marsha S.
Berzon and Michelle T. Friedland, Circuit Judges.[*]

Opinion by Chief Judge Thomas

---

**SUMMARY**[**]

---

### Mandamus

The panel denied without prejudice a petition for a writ of
mandamus in which federal defendants sought an order
directing the district court to dismiss a case seeking various
environmental remedies.

Twenty-one plaintiffs brought suit against defendants –
the United States, and federal agencies and officials –
alleging that the defendants contributed to climate change in
violation of the plaintiffs' constitutional rights. The
defendants argued that allowing the case to proceed would
result in burdensome discovery obligations on the federal
government that would threaten the separation of powers.

The panel held that the defendants did not satisfy the five
factors in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir.

---

[*] Following the retirement of Judge Kozinski, Judge Friedland was
randomly drawn to replace him on the panel. She has read the briefs,
reviewed the record, and watched a video recording of the oral argument
held on December 11, 2017.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

1977), at this stage of the litigation. Specifically, the panel held that mandamus relief was inappropriate where the district court had not issued a single discovery order, nor had the plaintiffs filed a single motion seeking to compel discovery. The panel also held that any merits errors were correctable through the ordinary course of litigation. The panel further held that there was no controlling Ninth Circuit authority on any of the theories asserted by plaintiffs, and this weighed strongly against a finding of clear error for mandamus purposes. Finally, the panel held that district court's order denying a motion to dismiss on the pleadings did not present the possibility that the issue of first impression raised by the case would evade appellate review. The panel concluded that the issues that the defendants raised on mandamus were better addressed through the ordinary course of litigation.

## COUNSEL

Eric Grant (argued), Deputy Assistant Attorney General; Andrew C. Mergen, David C. Shilton, and Robert J. Lundman, Appellate Section; Jeffrey H. Wood, Acting Assistant Attorney General; Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.; for Petitioners.

Julia Ann Olson (argued), Wild Earth Advocates, Eugene, Oregon; Philip L. Gregory, Cotchett Pitre & McCarthy LLP, Burlingame, California; for Real Parties in Interest.

William John Snape III and David Hunter, American University, Washington College of Law, Washington, D.C.,

for Amici Curiae Center for International Environmental Law and Environmental Law Alliance Worldwide—US.

David Bookbinder, Niskanen Center, Washington, D.C., for Amicus Curiae Niskanen Center.

Courtney B. Johnson, Crag Law Center, Portland, Oregon, for Amici Curiae League of Women Voters of the United States and League of Women Voters of Oregon.

Sarah H. Burt, Earthjustice, San Francisco, California; Patti Goldman, Earthjustice, Seattle, Washington; for Amicus Curiae EarthRights International, Center for Biological Diversity, Defenders of Wildlife, and Union of Concerned Scientists.

James R. May and Erin Daly, Dignity Rights Project, Widener University, Delaware Law School, Wilmington, Delaware; Rachael Paschal Osborn, Vashon, Washington; for Amici Curiae Law Professors.

Joanne Spalding, Sierra Club, Oakland, California; Alejandra Nuñez and Andres Restrepo, Sierra Club, Washington, D.C.; for Amicus Curiae Sierra Club.

Charles M. Tebbutt, Law Offices of Charles M. Tebbutt P.C., Eugene, Oregon, for Amici Curiae Global Catholic Climate Movement; Leadership Conference of Women Religious; Interfaith Power and Light; The Sisters of Mercy of the Americas' Institute Leadership Team; Sisters of Mercy Northeast Leadership Team; Interfaith Moral Action on Climate; Franciscan Action Network; The National Religious Coalition for Creation Care and Interfaith Oceans; The Faith Alliance for Climate Solutions; Eco-Justice Ministries; San

Francisco Zen Center; The Shalom Center; GreenFaith; The Office of Apostolic Action & Advocacy; Christian life Community-USA; and Quaker Earthcare Witness.

Zachary B. Corrigan, Food & Water Watch Inc., Washington, D.C., for Amici Curiae Food & Water Watch Inc., Friends of the Earth—US, and Greenpeace Inc.

## OPINION

THOMAS, Chief Judge:

In this petition for a writ of mandamus, the defendants ask us to direct the district court to dismiss a case seeking various environmental remedies. The defendants argue that allowing the case to proceed will result in burdensome discovery obligations on the federal government that will threaten the separation of powers. We have jurisdiction over this petition pursuant to the All Writs Act, 28 U.S.C. § 1651. Because the defendants have not met the high bar for mandamus relief, we deny the petition.

I

Twenty-one young plaintiffs brought suit against the United States, the President, and various Executive Branch officials and agencies, alleging that the defendants have contributed to climate change in violation of the plaintiffs' constitutional rights. They allege that the defendants have known for decades that carbon dioxide emissions from the burning of fossil fuels destabilize the climate. The plaintiffs aver that the defendants have nevertheless enabled and continue to enable, through various government policies, the

burning of fossil fuels, allowing atmospheric carbon dioxide concentrations to reach historically unprecedented levels. They allege that climate change is injuring them and will continue to injure them. The plaintiffs claim that, in light of these facts, the defendants have violated their constitutional rights.

The defendants moved to dismiss the suit for lack of jurisdiction and for failure to state a claim. The district court denied the motion. The court held that the plaintiffs plausibly alleged that they have Article III standing, did not raise non-justiciable political questions, and asserted plausible claims under the Due Process Clause of the Fifth Amendment.

The defendants moved the district court to stay the litigation and to certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The district court denied the motions. Anticipating burdensome discovery, the defendants petitioned this Court for a writ of mandamus and requested a stay of the litigation. In their petition, the defendants ask that we direct the district court to dismiss the case. We granted the request for a stay and now consider the petition.

## II

"The writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)) (internal quotation marks omitted). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). In

considering whether to grant a writ of mandamus, we are guided by the five factors identified in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977):

>   (1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief;
>
>   (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal;
>
>   (3) whether the district court's order is clearly erroneous as a matter of law;
>
>   (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and
>
>   (5) whether the district court's order raises new and important problems or issues of first impression.

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (citing *Bauman*, 557 F.2d at 654–55). "All factors are not relevant in every case and the factors may point in different directions in any one case." *Christensen v. U.S. Dist. Ct.*, 844 F.2d 694, 697 (9th Cir. 1988).

## III

The defendants do not satisfy the *Bauman* factors at this stage of the litigation. The issues that the defendants raise on mandamus are better addressed through the ordinary course

of litigation.  We therefore decline to exercise our discretion to grant mandamus relief.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1099 (9th Cir. 1999) ("Mandamus review is at bottom discretionary—even where [all] the *Bauman* factors are satisfied, the court may deny the petition.").

## A

The first *Bauman* factor is whether the petitioner will "ha[ve] no other means . . .  to obtain the desired relief." *Perry*, 591 F.3d at 1156.  This factor ensures that a writ of mandamus will not "be used as a substitute for appeal even though hardship may result from delay and perhaps unnecessary trial." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (internal citation omitted).  Here, the defendants argue that mandamus is their only means of obtaining relief from potentially burdensome discovery.

The defendants' argument fails because the district court has not issued a single discovery order, nor have the plaintiffs filed a single motion seeking to compel discovery.  Rather, the parties have employed the usual meet-and-confer process of resolving discovery disputes.  *See* Fed. R. Civ. P. 37(a)(1). Indeed, both sides have submitted declarations attesting that they have thus far resolved a number of discovery disputes without either side asking the district court for an order. Indeed, the plaintiffs have withdrawn a number of requests for production.    The defendants rely on informal communications as to the scope of discovery—in particular, the plaintiffs' litigation hold and demand letter—but the plaintiffs have clarified that these communications were not discovery requests.

If a specific discovery dispute arises, the defendants can challenge that specific discovery request on the basis of privilege or relevance. *See McDaniel v. U.S. Dist. Ct.*, 127 F.3d 886, 888–89 (9th Cir. 1997) (per curiam) (holding that mandamus "is not the State's only adequate means of relief" from burdensome discovery because, "as discovery proceeds, the State is not foreclosed from making routine challenges to specific discovery requests on the basis of privilege or relevance"). In addition, the defendants can seek protective orders, as appropriate, under Federal Rule of Civil Procedure 26(c).

Mandamus relief is inappropriate where the party has never sought relief before the district court to resolve a discovery dispute. As we have noted, "courts of appeals cannot afford to become involved with the daily details of discovery." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting *Perry*, 591 F.3d at 1157). Rather, we have only granted mandamus relief to review discovery orders in exceptional circumstances. *Id.* And neither we nor the Supreme Court have ever done so before a party has filed a motion for a protective order in the district court or prior to the issuance of a discovery order by the district court. The defendants will have ample remedies if they believe a specific discovery request from the plaintiffs is too broad or burdensome. Absent any discovery order from the district court, or even any attempt to seek one, however, the defendants have not shown that they have no other means of obtaining relief from burdensome or otherwise improper discovery.

The defendants rely on two cases in which a writ of mandamus issued because of alleged discovery burdens: *Cheney*, and *Credit Suisse v. U.S. Dist. Ct.*, 130 F.3d 1342

(9th Cir. 1997). In both cases, the district courts had issued orders compelling document production. *Cheney*, 542 U.S. at 376, 379 (defendant moved for a protective order, but district court issued order allowing discovery to proceed); *Credit Suisse*, 130 F.3d at 1346 (district court issued order compelling defendants to respond to discovery requests).[1]

Absent any district court order concerning discovery, mandamus relief is inappropriate. If the defendants become aggrieved by a future discovery order, they can seek mandamus relief as to that order. But their current request for mandamus relief is entirely premature. The defendants have not satisfied the first *Bauman* factor.

## B

The second *Bauman* factor is whether the petitioner "will be damaged or prejudiced in any way not correctable on appeal." *Perry*, 591 F.3d at 1156. To satisfy this factor, the defendants "must demonstrate some burden . . . other than the mere cost and delay that are the regrettable, yet normal, features of our imperfect legal system." *DeGeorge v. U.S. Dist. Ct.*, 219 F.3d 930, 935 (9th Cir. 2000) (alteration in original) (quoting *Calderon v. U.S. Dist. Ct.*, 163 F.3d 530, 535 (9th Cir. 1998) (en banc)). Prejudice serious enough to warrant mandamus relief "includes situations in which one's

---

[1] The defendants also raised, via a letter filed after argument, the Supreme Court's recent summary disposition in an appeal challenging a discovery order. *See In re United States*, 138 S. Ct. 443 (2017). When the government filed a petition for mandamus in that case, the district court had compelled the government to complete the administrative record over the government's opposition that the administrative record was already complete and had deferred ruling on the defendants' earlier motion to dismiss. Neither circumstance exists here.

'claim will obviously be moot by the time an appeal is possible,' or in which one 'will not have the ability to appeal.'" *Id.* (quoting *Calderon*, 163 F.3d at 535).

The defendants argue that holding a trial on the plaintiffs' claims and allowing the district court potentially to grant relief would threaten the separation of powers. We are not persuaded that simply allowing the usual legal processes to go forward will have that effect in a way not correctable on appellate review.

First, to the extent the defendants argue that the President himself has been named as a defendant unnecessarily and that defending this litigation would unreasonably burden him, this argument is premature because the defendants never moved in the district court to dismiss the President as a party. *See United States v. U.S. Dist. Ct.*, 384 F.3d 1202, 1205 (9th Cir. 2004) (explaining that there is no injustice from declining to consider a new issue on mandamus review because a petitioner may still be able to raise the issue below). Nor has any formal discovery been sought against the President.

To the extent that the defendants are arguing that executive branch officials and agencies in general should not be burdened by this lawsuit, Congress has not exempted the government from the normal rules of appellate procedure, which anticipate that sometimes defendants will incur burdens of litigating cases that lack merit but still must wait for the normal appeals process to contest rulings against them. The United States is a defendant in close to one-fifth

of the civil cases filed in federal court.**²**  The government cannot satisfy the burden requirement for mandamus simply because it, or its officials or agencies, is a defendant.

Distilled to its essence, the defendants' argument is that it is a burden to defend against the plaintiffs' claims, which they contend are too broad to be legally sustainable.  That well may be.  But, as noted, litigation burdens are part of our legal system, and the defendants still have the usual remedies before the district court for nonmeritorious litigation, for example, seeking summary judgment on the claims.  And if relief is not forthcoming, any legal error can be remedied on appeal.  "The first two criteria articulated in *Bauman* are designed to insure that mandamus, rather than some other form of relief, is the appropriate remedy."  *In re Cement Antitrust Litig. (MDL No. 296)*, 688 F.2d 1297, 1301 (9th Cir. 1982), *aff'd sub nom. Arizona v. U.S. Dist. Ct.*, 459 U.S. 1191 (1983) (mem.).  Because the merits errors now asserted are correctable through the ordinary course of litigation, the defendants have not satisfied the second *Bauman* factor.

## C

The third *Bauman* factor is whether the district court's order "is clearly erroneous as a matter of law."  *Perry*, 591 F.3d at 1156.  Our review of this factor "is significantly deferential and [this factor] is not met unless the reviewing court is left with a definite and firm conviction that a mistake

---

**²** *See* U.S. Courts, *Federal Judicial Caseload Statistics 2017*, http://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2017 (last visited Feb. 14, 2018) (The United States was a defendant in 56,987 of the 292,076 civil cases filed in federal court in the 12-month period ending March 31, 2017.).

has been committed." *In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2016) (quoting *In re United States*, 791 F.3d 945, 955 (9th Cir. 2015)).

"The absence of controlling precedent weighs strongly against a finding of clear error [for mandamus purposes]." *In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011). Here, the defendants concede that there is no controlling Ninth Circuit authority on any of the theories asserted by the plaintiffs. Indeed, the defendants strongly argue that the theories are unprecedented. Thus, the absence of controlling precedent in this case weighs strongly against a finding of clear error. *Id*.

We also underscore that this case is at a very early stage, and that the defendants have ample opportunity to raise legal challenges to decisions made by the district court on a more fully developed record, including decisions as to whether to focus the litigation on specific governmental decisions and orders. Once the litigation proceeds, the defendants will have ample opportunity to raise and litigate any legal objections they have.

However, absent controlling precedent, we decline to exercise our discretion to intervene at this stage of the litigation to review preliminary legal decisions made by the district court or otherwise opine on the merits.

D

The fourth *Bauman* factor is whether the district court's order is "an oft repeated error or manifests a persistent disregard of the federal rules." *Perry*, 591 F.3d at 1156. Absent controlling authority, there is no "oft-repeated error" in this case, *In re Swift Transp. Co.*, 830 F.3d at 917, and the

defendants do not contend that the district court violated any federal rule.  The defendants do not satisfy the fourth factor.

E

The final factor is whether the district court's order "raises new and important problems or issues of first impression."  *Perry*, 591 F.3d at 1156.  In general, we have relied upon this factor when there is a "novel and important question" that "may repeatedly evade review."  *Id.* at 1159; *see also In re Cement Antitrust Litig.*, 688 F.2d at 1304–05 ("[A]n important question of first impression will evade review unless it is considered under our supervisory mandamus authority.  Moreover, that question may continue to evade review in other cases as well.").

There is little doubt that the legal theories asserted in this case raise issues of first impression.  But the district court's order denying a motion to dismiss on the pleadings—which is all that has happened thus far—does not present the possibility that those issues will evade appellate review.  The defendants have not satisfied the fifth *Bauman* factor.

IV

There is enduring value in the orderly administration of litigation by the trial courts, free of needless appellate interference.  In turn, appellate review is aided by a developed record and full consideration of issues by the trial courts.  If appellate review could be invoked whenever a district court denied a motion to dismiss, we would be quickly overwhelmed with such requests, and the resolution of cases would be unnecessarily delayed.

We are mindful that some of the plaintiffs' claims as currently pleaded are quite broad, and some of the remedies the plaintiffs seek may not be available as redress. However, the district court needs to consider those issues further in the first instance. Claims and remedies often are vastly narrowed as litigation proceeds; we have no reason to assume this case will be any different. Nor would the defendants be precluded from reasserting a challenge to standing, particularly as to redressability, once the record is more fully developed, or from seeking mandamus in the future, if circumstances justify it. And the defendants retain the option of asking the district court to certify orders for interlocutory appeal of later rulings, pursuant to 28 U.S.C. § 1292(b).

Because petitioners have not satisfied the *Bauman* factors, we deny the petition without prejudice. Absent any discovery order, the mandamus petition is premature insofar as it is premised on a fear of burdensome discovery. The issues pertaining to the merits of this case can be resolved by the district court, in a future appeal, or, if extraordinary circumstances later present themselves, by mandamus relief. For these reasons, we decline to exercise our discretion to grant mandamus relief at this stage of the litigation.

**PETITION DENIED WITHOUT PREJUDICE.**