**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re:  UNITED STATES OF AMERICA; CHRISTY GOLDFUSS; MICK MULVANEY; JOHN HOLDREN; RICK PERRY; U.S. DEPARTMENT OF THE INTERIOR; RYAN ZINKE; U.S. DEPARTMENT OF TRANSPORTATION; ELAINE L. CHAO; U.S. DEPARTMENT OF AGRICULTURE; SONNY PERDUE; UNITED STATES DEPARTMENT OF COMMERCE; WILBUR ROSS; U.S. DEPARTMENT OF DEFENSE; JAMES N. MATTIS; U.S. DEPARTMENT OF STATE; OFFICE OF THE PRESIDENT OF THE UNITED STATES; U.S. ENVIRONMENTAL PROTECTION AGENCY; U.S. DEPARTMENT OF ENERGY; DONALD J. TRUMP; MICHAEL R. POMPEO; ANDREW WHEELER, | No.    18-71928<br><br>D.C. No. 6:15-cv-01517-AA<br><br>OPINION |

UNITED STATES OF AMERICA; CHRISTY GOLDFUSS, in her official capacity as Director of Council on Environmental Quality; MICK MULVANEY, in his official capacity as Director of the Office of Management and Budget; JOHN HOLDREN, Dr., in his official capacity as Director of the Office of Science and Technology Policy; RICK PERRY, in his official capacity as

Secretary of Energy; UNITED STATES DEPARTMENT OF INTERIOR; RYAN ZINKE, in his official capacity as Secretary of Interior; UNITED STATES DEPARTMENT OF TRANSPORTATION; ELAINE L. CHAO, in her official capacity as Secretary of Transportation; UNITED STATES DEPARTMENT OF AGRICULTURE; SONNY PERDUE, in his official capacity as Secretary of Agriculture; UNITED STATES DEPARTMENT OF COMMERCE; WILBUR ROSS, in his official capacity as Secretary of Commerce; UNITED STATES DEPARTMENT OF DEFENSE; JAMES N. MATTIS, in his official capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF STATE; ANDREW WHEELER, in his official capacity as Acting Administrator of the EPA; MICHAEL R. POMPEO, in his official capacity as Secretary of State; OFFICE OF THE PRESIDENT OF THE UNITED STATES; U.S. ENVIRONMENTAL PROTECTION AGENCY; U.S. DEPARTMENT OF ENERGY; DONALD J. TRUMP, in his official capacity as President of the United States,

        Petitioners,

 v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON,

2

EUGENE,

Respondent,

KELSEY CASCADIA ROSE JULIANA;
XIUHTEZCATL TONATIUH M., through
his Guardian Tamara Roske-Martinez;
ALEXANDER LOZNAK; JACOB
LEBEL; ZEALAND B., through his
Guardian Kimberly Pash-Bell; AVERY
M., through her Guardian Holly McRae;
SAHARA V., through her Guardian Toa
Aguilar; KIRAN ISAAC OOMMEN; TIA
MARIE HATTON; ISAAC V., through his
Guardian Pamela Vergun; MIKO V.,
through her Guardian Pamela Vergun;
HAZEL V., through her Guardian Margo
Van Ummersen; SOPHIE K., through her
Guardian Dr. James Hansen; JAIME B.,
through her Guardian Jamescita Peshlakai;
JOURNEY Z., through his Guardian Erika
Schneider; VICTORIA B., through her
Guardian Daisy Calderon; NATHANIEL
B., through his Guardian Sharon Baring;
AJI P., through his Guardian Helaina
Piper; LEVI D., through his Guardian
Leigh-Ann Draheim; JAYDEN F., through
her Guardian Cherri Foytlin; NICHOLAS
V., through his Guardian Marie Venner;
EARTH GUARDIANS, a nonprofit
organization; FUTURE GENERATIONS,
through their Guardian Dr. James Hansen,

Real Parties in Interest.

3

Petition For Writ Of Mandamus

Submitted July 19, 2018[*]

Before: THOMAS, Chief Judge, and BERZON and FRIEDLAND, Circuit Judges.

PER CURIAM.

In this petition for a writ of mandamus, the government asks us for the second time to direct the district court to dismiss a case seeking various environmental remedies, or, in the alternative, to stay all discovery and trial. We denied the government's first mandamus petition, concluding that it had not met the high bar for relief at that stage of the litigation. *In re United States*, 884 F.3d 830, 833 (9th Cir. 2018). No new circumstances justify this second petition, and we again decline to grant mandamus relief. The factual and procedural history of this case was detailed in our prior opinion, and we need not recount it here. *In re United States*, 884 F.3d at 833-34.

I

We have jurisdiction over this mandamus petition pursuant to the All Writs Act, 28 U.S.C. § 1651. In considering whether to grant a writ of mandamus, we

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are guided by the five factors identified in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977):

> (1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief;
>
> (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal;
>
> (3) whether the district court's order is clearly erroneous as a matter of law;
>
> (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and
>
> (5) whether the district court's order raises new and important problems or issues of first impression.

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (citing *Bauman*, 557 F.2d at 654-55).

"Mandamus review is at bottom discretionary—even where the *Bauman* factors are satisfied, the court may deny the petition." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1099 (9th Cir. 1999).

## II

The government does not satisfy the *Bauman* factors at this stage of the litigation. It remains the case that the issues that the government raises in its petition are better addressed through the ordinary course of litigation. We thus decline to exercise our discretion to grant mandamus relief.

A

The government does not satisfy the first *Bauman* factor. The government

argues that mandamus is its only means of obtaining relief from potentially

burdensome or improper discovery. However, the government retains the ability to

challenge any specific discovery order that it believes would be unduly

burdensome or would threaten the separation of powers.

In our opinion denying the first mandamus petition, we stated:

The defendants will have ample remedies if they believe *a specific discovery request* from the plaintiffs is too broad or burdensome. Absent any discovery order from the district court, or even any attempt to seek one, however, the defendants have not shown that they have no other means of obtaining relief from burdensome or otherwise improper discovery.

*In re United States*, 884 F.3d at 835 (emphasis added).

Since that opinion, the government has not challenged a single specific

discovery request, and the district court has not issued a single order compelling

discovery. Instead, the government sought a protective order barring all discovery,

which the district court denied. The government can still challenge any specific

discovery request on the basis of privilege or relevance, or by seeking a tailored

protective order under Federal Rule of Civil Procedure 26(c). If the government

challenges a discovery request and the district court issues an order compelling

discovery, then the government can seek mandamus relief as to that order. Preemptively seeking a broad protective order barring *all* discovery does not exhaust the government's avenues of relief. Absent a specific discovery order, mandamus relief remains premature.

This fact distinguishes this case from *In re United States*, 138 S. Ct. 443 (2017) (per curiam), in which the Supreme Court granted mandamus relief based on a challenge to an order compelling discovery. In that case, the district court had issued an order compelling the government to complete the administrative record over the government's objection that it had filed a complete record properly limited to unprivileged documents. *See id*. at 444. The district court had also declined the government's request to stay its order until after the court resolved the government's motion to dismiss. *Id.* at 444-45. In this case, the government does not challenge any such specific discovery order from the district court, and the district court has already denied the government's motion to dismiss. The government continues to have available means to obtain relief from improper discovery requests. It does not satisfy the first *Bauman* factor.

B

Nor does the government satisfy the second *Bauman* factor. The government makes two arguments for why it will be prejudiced in a way not correctable on appeal. Neither is persuasive.

The government argues, for the first time, that merely eliciting answers from agency officials to questions on the topic of climate change could constitute "agency decisionmaking," which the government contends could not occur without following the elaborate procedural requirements of the Administrative Procedure Act ("APA"). But the government cites no authority for the proposition that agency officials' routine responses to discovery requests in civil litigation can constitute agency decisionmaking that would be subject to the APA.

The government has made no showing that it would be meaningfully prejudiced by engaging in discovery or trial. This distinguishes this case from others in which we have granted mandamus relief. *See Credit Suisse v. U.S. Dist. Ct.*, 130 F.3d 1342, 1346 (9th Cir. 1997) (granting mandamus relief when a discovery order would force defendants "to choose between being in contempt of court for failing to comply with the district court's order, or violating Swiss banking secrecy and penal laws by complying with the order").

The government also argues that proceeding with discovery and trial will violate the separation of powers. The government made this argument in its first

mandamus petition, and we rejected it. *In re United States*, 884 F.3d at 836. As we stated in our prior opinion, allowing the usual legal processes to go forward will not threaten the separation of powers in any way not correctable on appeal. *Id*. No new circumstances disturb that conclusion.[1] *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

## C

As detailed in our opinion denying the first mandamus petition, the government does not satisfy the third, fourth, or fifth *Bauman* factors. *In re United States*, 884 F.3d at 836-37. No new circumstances give us cause to reevaluate these conclusions.

## III

Because petitioners have not satisfied the *Bauman* factors, we deny the mandamus petition without prejudice. The government's fear of burdensome or improper discovery does not warrant mandamus relief in the absence of a single specific discovery order. The government's arguments as to the violation of the APA and the separation of powers fail to establish that they will suffer prejudice not correctable in a future appeal. The merits of the case can be resolved by the

---

[1] Following our previous opinion, the government moved for the first time in the district court for judgment on the pleadings with respect to the inclusion of the President as a named party, and a decision is pending on that motion.

district court or in a future appeal. At this stage of the litigation, we decline to exercise our jurisdiction to grant mandamus relief.

**PETITION DENIED WITHOUT PREJUDICE.**