**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DAMON P. HUMPHRIES, guardian and conservator for Angela D. Humphries, | No. 18-71332 |
| | D.C. No. 2:17-cv-01606-JJT |
| _____ | |
| DAMON P. HUMPHRIES, guardian and conservator for Angela D. Humphries, | MEMORANDUM[*] |
| Petitioner, | |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, | |
| Respondent, | |
| ALLSTATE INSURANCE COMPANY, a foreign corporation; et al., | |
| Real Parties in Interest. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 4, 2019
Phoenix, Arizona

Before:  CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Appellant Angela Humphries, through her guardian and conservator, petitions this court for a writ of mandamus instructing the district court to ask the District Court for the Eastern District of Michigan to retransfer her claims against Allstate Insurance Company.  We deny the petition.

We have held we have jurisdiction to issue such a writ in "extraordinary circumstances involving a grave miscarriage of justice." *NBS Imaging Sys., Inc. v. U.S. Dist. Court*, 841 F.2d 297, 298 (9th Cir. 1988).  We are not convinced this case presents such circumstances.  The five *Bauman* factors guide our decision. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977).

First, although Humphries is unable to appeal directly the Arizona district court's transfer order, appellate review is not completely precluded.  She could move in the Michigan district court to retransfer the case and, should that motion fail, ultimately receive the desired relief by appealing its denial to the Sixth Circuit after final judgment.  *See Posnanski v. Gibney*, 421 F.3d 977, 980-81 (9th Cir. 2005).

Second, the prejudice Humphries alleges—risk of an unnecessary trial—is generally insufficient to warrant mandamus relief. *Wash. Pub. Utils. Grp. v. U.S. Dist. Court*, 843 F.2d 319, 325 (9th Cir. 1987). This case presents few, if any, of the extraordinary circumstances we held justified issuing the writ in *Varsic v. U.S. District Court*, 607 F.2d 245 251-52 (9th Cir. 1979).

Third, under this "highly deferential standard of review," we conclude the district court's ruling that it lacked personal jurisdiction over Allstate was not clearly erroneous. *In re Swift Transp. Co.*, 830 F.3d 913, 916-17 (9th Cir. 2016) ("It is well established that '[t]he absence of controlling precedent weighs strongly against a finding of clear error. If 'no prior Ninth Circuit authority prohibited the course taken by the district court, its ruling is not clearly erroneous." (citations omitted)).

Fourth, because there was no clear violation of controlling precedent, the district court's order was not an oft-repeated error. *See id.* at 917.

Fifth, this petition does not present a "'novel and important question' that 'may repeatedly evade review.'" *In re United States*, 884 F.3d 830, 837 (9th Cir. 2018) (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010)). While we and the Supreme Court will likely need to address the issue this petition raises, there is no indication it will repeatedly evade review; a litigant may raise it

3

on direct appeal following a dismissal for lack of personal jurisdiction, for instance.

Therefore, having weighed the *Bauman* factors, we conclude this petition does not warrant the extraordinary use of our mandamus powers.[1]

**PETITION DENIED.**

---

[1]Because we find the district court fully credited Humphries's proffered evidence, we reject her contention that it disregarded evidence of Allstate's connections to Arizona.