**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: MATCO TOOLS CORPORATION; et al., <br><br> _____ <br><br> MATCO TOOLS CORPORATION, a Delaware corporation; et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO, <br><br> Respondent, <br><br> JOHN FLEMING, On Behalf of Himself and All Others Similarly Situated, <br><br> Real Party in Interest. | No. 19-71352 <br><br> D.C. No. 3:19-cv-00463-WHO <br><br> MEMORANDUM[*] |

Petition for a Writ of Mandamus

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Matco Tools Corporation, NMTC, Inc., and Fortive Corporation (collectively "Matco") seek a writ of mandamus compelling the district court to dismiss Fleming's action or transfer it to Ohio under a forum-selection clause. Because the facts are known to the parties, we need not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1651 and deny Matco's petition.

Matco has failed to show that it is entitled to the "drastic and extraordinary remedy" of mandamus. *In re Pangang Grp. Co., LTD.*, 901 F.3d 1046, 1054 (9th Cir. 2018) (internal citation and quotations omitted). Whether a writ of mandamus should be granted is determined case by case, weighing the factors outlined in *Bauman v. U.S. District Court*, 557 F.2d 650 (9th Cir. 1977): (1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief; (2) the petitioner will be damaged in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

rules; and (5) the order raises new and important problems, or issues of law of first impression. *Id.* at 654–55.

We may not disturb the district court's order absent "clear error"—a "significantly deferential" standard of review. *In re United States*, 884 F.3d 830, 836 (9th Cir. 2018) (internal citation and quotations omitted); *see also In re Pangang Grp.*, 901 F.3d at 1060 (denying mandamus relief upon concluding that order was not clearly erroneous).

The district court did not err—much less clearly so—in considering the validity of the franchise agreement's arbitration provision in the course of deciding Matco's motion. To the contrary, the district court followed binding Ninth Circuit precedent in concluding: (i) Matco and Fleming did not agree to arbitrate their dispute under the plain terms of their contract, *see Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 439 (9th Cir. 2015); (ii) absent a valid arbitration provision, the Federal Arbitration Act, 9 U.S.C. § 1–307, does not preempt section 20040.5, *see Bradley v. Harris Research, Inc.*, 275 F.3d 884, 892 (9th Cir. 2001); and (iii) applying section 20040.5, the forum-selection clause here is unenforceable because it would require Fleming, a California franchisee, to litigate in a non-

California venue, *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).[1]

Accordingly, the petition for a writ of mandamus is **DENIED.**

---

[1] We decline to consider the purported error that Matco raises only in a footnote of its petition. *See Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).