NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: HIGH COUNTRY PAVING, INC., _____ <br><br> HIGH COUNTRY PAVING, INC., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, MISSOULA, <br><br> Respondent, <br><br> UNITED FIRE & CASUALTY COMPANY, <br><br> Real Party in Interest. | No. 19-72853 <br><br> D.C. No. 9:18-cv-00163-DWM <br><br> MEMORANDUM[*] |

Petition for Writ of Mandamus

Submitted March 31, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

High Country Paving petitions for a writ of mandamus directing the district court to vacate an order finding a waiver of work product protection and attorney-client privilege by High Country, and ordering production of nine responsive documents. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C § 1651(a), and we deny the petition.

High Country "bears the burden of establishing that [its] 'right to issuance of the writ is clear and indisputable.'" *In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004)). A writ of mandamus is governed by five factors. *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010). While "[n]ot every factor need be present at once . . . the absence of the third factor, clear error, is dispositive." *Perry*, 591 F.3d at 1156 (quoting *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir. 2005)). High Country has failed to carry its heavy burden to show that the district court's order is clearly erroneous. *See In re Swift Trans. Co. Inc.*, 830 F.3d 913, 916–17 (9th Cir. 2016) (internal quotation marks and citations omitted) ("It is well established that the absence of controlling precedent weighs strongly against a finding of clear error. If no prior Ninth Circuit authority prohibited the course taken by the district court, its ruling is not clearly erroneous."). Nor has High Country met factors two,

four, or five.  Only factor one weighs in High Country's favor.

**PETITION DENIED.**