**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  AIG SPECIALTY INSURANCE COMPANY, <br><br> _____ <br><br> AIG SPECIALTY INSURANCE COMPANY, <br><br>    Petitioner, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, <br><br>    Respondent, <br><br> DOLPHIN INCORPORATED, an Arizona corporation, <br><br>    Real Party in Interest. | No.   21-71120 <br><br> D.C. No. 2:19-cv-05161-DJH <br><br><br> MEMORANDUM[*] |

Petition for Writ of Mandamus

Argued and Submitted November 19, 2021
Pasadena, California

Before:  BERZON and RAWLINSON, Circuit Judges, and DORSEY,[**] District

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.

Petitioner AIG Specialty Insurance Company ("AIG") filed a petition for a writ of mandamus asking this Court to direct the district court to vacate its orders requiring the production of five documents that AIG maintains are protected by the attorney-client privilege. We deny the petition.

Following *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), we presume that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Id.* at 109. Although a writ of mandamus may be available to correct a "particularly injurious or novel privilege ruling," *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (quoting *Mohawk*, 558 U.S. at 110), AIG has not demonstrated that the disclosures ordered by the district court would be particularly injurious or novel. We therefore presume that any error by the district court in identifying privileged documents could be corrected on appeal.

Moreover, even if the district court did err, its order was not "clearly erroneous." *In re United States*, 884 F.3d 830, 834 (9th Cir. 2018) (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010)). The parties agree that documents relating to ordinary insurance business functions are not covered by the

---

** The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

attorney-client privilege. AIG does not point to any Ninth Circuit or Arizona cases explaining how to determine whether a document was prepared as part of the normal claims-adjustment process or to provide legal advice. As the "line between what constitutes claim handling and the rendition of legal advice is often more cloudy than crystalline," *HSS Enterprises, LCC v. Amco Ins. Co.*, No. C06-1485-JPD, 2008 WL 163669, at *3 (W.D. Wash. Jan. 14, 2008), we cannot say that the district court clearly erred in drawing the line where it did. Because the absence of clear error precludes the grant of a writ of mandamus, *In re Mersho*, 6 F.4th 891, 898 (9th Cir. 2021), we deny the petition.

**PETITION DENIED.**