**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LUIS TORRES; DOROTHY TORRES, AKA Dotty Torres, <br><br> _____ <br><br> LUIS TORRES; DOROTHY TORRES, AKA Dotty Torres, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE, <br><br> Respondent, <br><br> JAYCO, INC., <br><br> Real Party in Interest. | No. 24-3164 <br><br> D.C. No. 5:24-cv-00065-KK-SHK <br><br> MEMORANDUM* |

Petition for Writ of Mandamus

Argued and Submitted November 5, 2024
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Luis and Dorothy Torres ("Petitioners") seek a writ of mandamus directing the district court to vacate its March 6, 2024, order granting a motion to transfer venue. The motion was based on an Indiana forum-selection clause in a warranty agreement between Jayco, Inc. ("Jayco") and Petitioners covering a motorhome. We have jurisdiction under 28 U.S.C. § 1651, and we deny the petition.

Petitioners fail to show that they are entitled to the "drastic and extraordinary remedy" of mandamus. *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (internal citation and quotations omitted). Although we consider five factors in determining whether to issue the writ, the dispositive factor is "whether the district court's order is clearly erroneous as a matter of law." *In re Boon Glob. Ltd.*, 923 F.3d 643, 649 (9th Cir. 2019) (quoting *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977) (listing factors)). Absent clear error, we may not disturb a district court's order. *In re Swift Transp. Co. Inc.*, 830 F.3d 913, 916 (9th Cir. 2016).

The district court's grant of Jayco's motion was not clearly erroneous as a matter of law. *In re Boon Glob. Ltd.*, 923 F.3d at 649. When the district court issued its order, the law was unclear as to whether the anti-waiver provision[1] of the

---

[1] California Civil Code Section 1790.1 provides that "[a]ny waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void."

Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790.1, established that enforcement of the warranty's forum-selection clause violated California public policy when accompanied by a stipulation to apply California law in Indiana. *Compare Frisby v. Thor Motor Coach, Inc.*, No. CV-22-2047-MWF (SHKx), 2023 WL 1420434, at *4 (C.D. Cal. Jan. 24, 2023) (concluding that the same forum-selection clause at issue here did not violate Song-Beverly's anti-waiver provision and noting that defendant's stipulation to apply California law in Indiana "diminishes the argument that a state's public policy interest in enforcement of its laws is sufficient to overcome a valid forum-selection clause"), *with Gorga v. Thor Motor Coach, Inc.*, No. 23-cv-03603-RFL, 2024 WL 1090650, at *1–2 (N.D. Cal. Feb. 6, 2024) (finding the same forum-selection clause unenforceable as in contravention of California public policy); *see also Verdugo v. Alliantgroup, L.P.*, 187 Cal. Rptr. 3d 613, 627 (2015), *as modified on denial of reh'g* (June 25, 2015) (acknowledging, without deciding, that a stipulation like Jayco's could have altered the court's analysis of whether the forum-selection clause at issue was enforceable).

It was not until October 7, 2024, seven months *after* the district court's order, that the California Court of Appeal issued a decision holding that the same forum-selection clause violated California public policy as established by Song-Beverly, and that Jayco's proffered stipulation does not cure this violation.

*Lathrop v. Thor Motor Coach, Inc.*, 326 Cal. Rptr. 3d 159, 168–69 (2024).  Before *Lathrop*, "[n]o California case [had] directly addressed whether a stipulation to apply California law renders an otherwise unenforceable forum selection clause enforceable," *id.* at 169, and multiple district courts applying California law had previously reached the same conclusion as the district court here in cases involving the very same warranty and stipulation*, see, e.g.*, *Frisby*, 2023 WL 1420434, at *4; *Zastawnik v. Thor Motor Coach, Inc.*, No. CV 22-08663-PSG-AS, 2023 WL 5167363, at *2 (C.D. Cal. June 16, 2023); *Derosa v. Thor Motor Coach, Inc.*, No. 2:20-cv-04895-SVW-PLA, 2020 WL 6647734, at *4 (C.D. Cal. Sept. 30, 2020).  Thus, we are not left with the "definite and firm conviction" that the district court erred in light of then-existing California and federal precedent.[2]  *In re Van Dusen*, 654 F.3d at 841 (quoting *DeGeorge v. U.S. Dist. Court for Cent. Dist. of Cal.*, 219 F.3d 930, 936 (9th Cir. 2020)).  Therefore, Petitioners fail to show that they are entitled to mandamus relief.  *In re Boon Glob. Ltd.*, 923 F.3d at 649.

   **PETITION DENIED.**

---

[2] This decision does not foreclose Petitioners from seeking relief from the district court's order from the transferee court.